GREGG v. ROAD IMPROVEMENT DISTRICT No. 2.

Opinion delivered October 12, 1925.

1. JUDGMENT—RES JUDICATA.—The decision of issues involved in a former proceeding to annex lands to a road improvement district is not *res judicata* as to the same issues involved in an independent proceeding between parties other than those who were parties to the former suit, where the former judgment did not determine the rights involved in the later case.

2. COURTS—STARE DECISIS.—Even though a former decision may not be *res judicata* in a subsequent independent proceeding, it may be binding under the rule of *stare decisis*.

3. . HIGHWAYS—ORGANIZATION OF IMPROVEMENT DISTRICT—COLLATERAL ATTACK.—In proceedings to annex benefited territory to an organized improvement district, the original organization of the district is not subject to collateral attack for mere errors or irregu-

larities, but it may be attacked on account of jurisdictional defects appearing on the face of the proceedings.

4. HIGHWAYS—IMPROVEMENT DISTRICT—NOTICE OF PETITION.—The requirement in Crawford & Moses' Dig. § 5427, that notice of the hearing of a petition to organize a highway improvement district shall be published for two consecutive insertions in a newspaper having a general weekly circulation in the county is jurisdictional, and the notice must accurately describe the lands to be included in the formation of the district.

5. HIGHWAYS—IMPROVEMENT DISTRICT—NOTICE OF PETITION.—Under Crawford & Moses' Dig., § 5427, requiring publication of a notice of filing of a petition to organize a road improvement district in a single newspaper, the fact that such notice was published in two newspapers, one of which correctly described the lands to be included, while the other did not properly describe them, does not render the proceeding void on collateral attack.

6. HIGHWAYS—IMPROVEMENT DISTRICT—VARIANCE IN DESCRIPTION OF ROAD.—Under Crawford & Moses' Dig., § 5399, requiring the preliminary surveys or plats for a proposed road improvement to indicate plainly the boundaries of the proposed district and to show the roads which it is intended to construct and improve "as nearly as practicable," *held* that a variance between the plat filed by the property owners and the preliminary survey prepared by the Highway Commissioner, in describing the roads intended to be improved, does not render the proceedings void on collateral attack.

7. COURTS—HOLDING COUNTY AND PROBATE COURTS ON SAME DAY.— An order organizing a road improvement district made on an adjourned day is not void because the same judge presided at an adjourned term of the probate court on the same day.

8. HIGHWAYS—IMPROVEMENT DISTRICT—VACANCY IN COMMISSIONER'S OFFICE.—Crawford & Moses' Dig., § 5406, authorizing the county court to fill a vacancy in the office of a commissioner of a road improvement district, refers to any vacancy which may legally occur, and not merely to a vacancy caused by the failure of a commissioner to qualify.

9. HIGHWAYS—IMPROVEMENT DISTRICT—FILLING VACANCY IN ASSESSOR'S OFFICE.—Crawford & Moses' Dig., § 5420, authorizing the county court to appoint assessors for road improvement districts and to fill vacancies, authorizes the court to fill vacancies caused by resignation as well as by failure of an assessor to qualify.

10. HIGHWAYS—IMPROVEMENT DISTRICT— VALIDITY OF ASSESSMENT.— As assessment in a road improvement district by assessors duly appointed is not void in collateral attack because they took the oath of office before an officer not authorized to administer such oaths.

11. HIGHWAYS—IMPROVEMENT DISTRICT—OMISSION OF BENEFITED TRACT.—In a proceeding to organize a road improvement district, failure to include therein a quarter section, for which the proposed road formed a boundary line between such tract and another which was included in the district, while error, did not invalidate the organization of the district, especially where such quarter section was a portion of territory sought to be annexed in subsequent proceedings.

12. PLEADING—EFFECT OF DEMURRING.—On demurrer to pleadings, the facts alleged are treated as being true for the purpose of testing the sufficiency of the demurrer.

13. HIGHWAYS—IMPROVEMENT DISTRICT—DEMURRER REACHING BACK.—In a proceeding to annex territory to a road improvement district, a demurrer to the allegations in the affidavit for appeal from the county to the circuit court reaches back to the record in the case, including the petitions, plats, and order of the county court establishing the district, and the court might, in testing the sufficiency of the demurrer, consider such allegations in connection with the whole record.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Boyce, Stayton & Mack,* for appellant.

*Gustave Jones* and *C. M. Erwin,* for appellee.

McCulloch, C. J. This is a proceeding instituted in the county court of Jackson County to annex property to a road improvement district pursuant to statute. Crawford & Moses' Digest, §§ 5399, 5426. Appellants are owners of some of the real property sought to be annexed, and they protested against the annexation and against the assessment of benefits and took an appeal to the circuit court, where the cause was heard and final judgment rendered approving the assessment of benefits and authorizing the annexation of the property in accordance with the prayer of the commissioners of the district. There was formerly another proceeding to annex the same property, with the exception of one tract, and on appeal to this court it was decided that the judgment annexing the property was erroneous on account of the omission of a certain benefited tract of land. *Sanders v. Wilmans,* 160 Ark. 133. Reference is made to the opinion in the former case for a detail of the issues in-

volved. After the remand of the cause, the commissioners of the district instituted a new proceeding correcting the error in the former proceeding by including the omitted tract which was found to be necessarily benefited, and appellants in their remonstrance have raised all of the questions that were decided against the remonstrants on the former appeal, and they have also raised other objections to the validity of the proceedings.

Appellees contend that the judgment of this court on the former appeal constituted an adjudication of all the issues involved, and that that judgment is a bar to a readjudication of those issues. We are of the opinion that the doctrine of *res judicata* does not apply, for the reason that this is an independent proceeding between parties other than those who were parties to the former appeal, and that they are not bound by the former judgment as an adjudication of their rights. Counsel for appellees rely on the recent case of *Howard-Sevier Rd. Imp. Dist.* v. *Hunt,* 166 Ark. 62, as decisive of this question in favor of appellees, but we do not regard that case as reaching to the question of *res judicata* in the present case. The judgment of this court on the former appeal was a reversal and setting aside of the judgment rendered below for the annexation of the territory involved, and the result was to nullify the annexation proceedings. The present proceedings were instituted independently, and the judgment in the former proceedings did not constitute an adjudication of the rights involved in the present case. The decision on the former appeal did not become the law of the case, so as to prevent a further adjudication, for the same reason that the present case is a different one from the former. The principles of law announced in the former opinion come, however, within the doctrine of *stare decisis.* It is within the power of the court to overrule that decision, but after consideration the majority of this court adhere to that decision and decline to overrule it. It is unnecessary to restate all of the points there decided, for the opinion shows for itself.

It becomes necessary, however, to discuss the additional grounds of attack upon the validity of the proceedings and the correctness of the judgment of the circuit court.

All of the additional grounds, except the question of the correctness of the assessment, relate to the validity of the original proceedings establishing the district. In the former opinion we said: ''In the proceedings adding additional territory found to be benefited by the improvement, the question of the validity of the original organization only arises collaterally, and the validity of the district cannot be challenged on account of mere errors and irregularities in the original organization. If, however, the organization is void on account of jurisdictional defects—in other words, if the lack of jurisdiction appears on the face of the proceedings—the question could be raised collaterally.'' That statement of the law is adhered to now, and the inquiry here is whether or not there were defects in the original organization on the face of the proceedings which render the same void.

The statute (Crawford & Moses' Digest, § 5427) provides that notice of the hearing of a petition to organize a district shall be published for two consecutive insertions in a newspaper having a general weekly circulation in the county. We have held that the publication of notice is jurisdictional, and that it must accurately describe the lands to be included in the formation of the district. *Norton* v. *Bacon*, 113 Ark. 566; *McRaven* v. *Clancy*, 115 Ark. 163; *Paschal* v. *Swepston*, 120 Ark. 230. It appears from the record filed in the original proceeding organizing the district that there were two publications in newspapers having general circulation in the county, one of which publications correctly described the lands, but in the other notice there was an erroneous omission of certain tracts. It is contended by counsel for appellants that, though the statute only requires publication in one newspaper, if there is in fact publication in more than one, and an error occurs in either of the publications, it is fatal to the organization. We do not

agree with counsel in this contention, for, if either publication is correct and is made in accordance with the terms of the statute, it constitutes, technically, a compliance with the statute, and the occurrence of an error in an additional publication does not render the proceedings void. The correct publication constitutes constructive notice, and its conclusive effect is not lessened by the fact that an error is made in an additional notice. The fact that there was an omission of lands from the additional notice would at most constitute an error in the proceedings which would not affect the validity thereof on collateral attack.

It is next contended that the original proceedings were void because of a material variance with respect to the description of the route of the road to be improved between the preliminary surveys, plans and specifications filed with the county court and the description in the petition and plats accompanying the same which were designed by the property owners. The remonstrance of appellants sets forth the facts which constitute the variance. There was a demurrer sustained to that paragraph of the remonstrance.

The general statute authorizing the organization of road districts (Crawford & Moses' Digest, § 5399 *et seq.*) provides that a majority of the owners of land in value, acreage or numbers within a proposed improvement district may petition the county court to establish a district to embrace a certain region which it is intended shall be embraced within the boundaries of the district and file a plat with the petition, "upon which the boundaries of the proposed district shall be plainly indicated, showing the roads which it is intended to construct and improve as nearly as practicable." Notice shall be given, etc., of the hearing on the petition, and, upon application of ten property owners, or of the county judge, the State Highway Commissioner shall prepare preliminary plans and specifications and also prepare petitions to be presented to property owners. We construed this provision of the

statute in *Lamberson* v. *Collins,* 123 Ark. 205, and decided that compliance with all of the provisions referred to was jurisdictional. It will be observed, however, from a consideration of the two sections of the statute containing those provisions (Crawford & Moses' Digest, §§ 5399, 5400) that the first section requires the preliminary surveys to state accurately the boundaries of the district, but only requires a description of the road "as nearly as practicable." In § 5400, *supra,* the State Highway Commissioner is required to furnish plans and specifications and prepare the petitions. Now, the allegation in the remonstrance is that there is a variance between the route of the road described in the original preliminary plans and specifications presented by property owners and the route described in the plans which accompanied the petition, that is to say, those prepared by the State Highway Commissioner. According to the allegations of the remonstrants, the order of the court establishing the district described the road in conformity with the petition of the property owners and the preliminary plans which accompanied the same. It is not essential under the statute for the route of the road to be described with exactness, but only "as nearly as practicable," and this necessarily implies that the county court in approving the plans and creating the district can vary the route in accordance with the petition of the property owners and the plans and specifications furnished by the State Highway Commissioner. The variance shown in the statements of the remonstrants does not relate to the termini of the road, but only to one of the links in the route. We are of the opinion that the variance did not render the proceedings void on collateral attack.

The contention is made that the organization is void for the reason that, according to the records of the county court presented in the present proceeding, the court was not legally in session at the time the order was made organizing the district on June 22, 1917. This contention is based on a showing that the order was made on an adjourned day, the court having adjourned over to

another date, and that the probate court by previous adjournment was in session on the same day, which caused a lapse of the term of the county court. Counsel for appellants invoke the rule that the law, takes no cognizance of parts of days, and that two courts cannot be held by the same judge on the same date. Counsel rely upon decisions of this court with respect to sessions of the circuit court in different counties. *Central Coal & Coke Co.* v. *Graham,* 129 Ark. 550. We do not think that this rule applies to sessions of the county court and probate court, which are presided over by the same judge and at the same place. It would be extremely technical to hold that, because of the fiction of the law that parts of days are not recognized in dealing with sessions of courts, judgments of a county court and a probate court are void because sessions were held on the same day. Now, this might be true if the sessions of both courts were attempted to be held on the day fixed by the statute for the commencement of the term of one of those courts, but there is no reason for applying the rule where both courts are adjourned over to a given date. It is not physically impossible for the judge to hold sessions of both courts on the same day, and it is not beyond the power of either of those courts to adjourn to a day to which there has been an adjournment by the other court. If it becomes impossible to hold one of the courts on that day by reason of congestion of business in the other court, the judge may permit the term to lapse by failure to open court according to adjournment, but the judgments of those courts are not void merely because both of them are held on the same adjourned day.

There is a contention that the annexation proceedings are void because at the time thereof one of the acting commissioners was not legally appointed, in that he was appointed by the county court upon the resignation of his predecessor. The contention is that under the statute there was no authority in the county court to appoint a commissioner to fill a vacancy caused by death or resignation, and that the only authority vested in the county

court is to make an appointment where there has been a failure of one of the commissioners to qualify. The statute (Crawford & Moses' Digest, §§ 5405, 5406) provides that upon the organization of the district the county court shall appoint three persons, owners of real property in the district, to act as commissioners, who shall duly qualify by taking the oath of office required by the Constitution, and that, if any member of the board of commissioners fails or refuses to take the oath of office within thirty days after being notified of his appointment, he shall be considered to have declined to serve and the vacancy may be filled by order of the county court. There is no other express provision in the statute with respect to filling vacancies, hence the argument is made that the county court is without authority to make an appointment to fill any vacancy which occurs otherwise than by reason of the failure of one of the original commissioners to qualify. In other words, it is contended that there is no authority to fill a vacancy caused by death or resignation. It is not presumed that the lawmakers intended to leave a hiatus in the statute with regard to filling vacancies. While the statute contemplates a continuous holding of office by the original commissioners without authority on the part of the county court to remove (*Taylor v. Wallace,* 143 Ark. 67), there must be found somewhere authority to fill vacancies which occur by death or resignation. The provision just referred to evinces a declared intention to vest in the county court the power to fill vacancies, though there is no power of removal. The words, "and the vacancy filled by the county court at its next regular, special or adjourned term," manifestly refer to any vacancy which may legally occur, and not merely to a vacancy caused by the failure of a commissioner to qualify.

There is a further contention that the assessment of benefits on the property sought to be annexed is void because of the alleged disqualification of some of the assessors. The statute (Crawford & Moses' Digest, §§

5419, 5420) provides that the county court shall appoint the assessors, who shall take the oath prescribed in the Constitution, and that, upon the failure of an appointee to qualify within thirty days, he shall be deemed to have declined to serve, and the vacancy shall be filled by appointment by the county court of some other person. The statute also confers authority on the county court to remove assessors for good cause shown. It is contended, the same as with respect to the appointment of commissioners, that the court had no authority to appoint in the case of a resignation, but only in case of the failure of an assessor to qualify. This contention is unsound for the same reason that we have given in reply to the contention in regard to the appointment of commissioners.

It is also urged that the assessors took the oath before a notary public, an officer who possesses no statutory authority to administer official oaths, and that the whole of the assessment is void for that reason. We do not stop to analyze the statute for the purpose of determining whether or not an official oath may be made before a notary public, for we are of the opinion that a failure to take the prescribed oath before the proper officer affords no grounds for nullifying the assessment. *Moore* v. *Jacks*, 43 Ark. 243. The decision cited above referred to assessments for general purposes made by the county assessor, but the same reason applies to assessments made by a board of assessors acting *de facto* in the assessment of benefits which are subsequently approved in accordance with the terms of the statute. The legal qualifications of the assessors cannot be called in question collaterally so as to invalidate the assessment.

Nothing remains but to determine the correctness of the court's ruling with respect to the fairness and equality of the assessments of benefits. This is purely a question of fact presented upon conflicting testimony, and we find no reason for disturbing the finding of the court on that issue. It would serve no useful purpose to set

out the testimony in detail. It is sufficient to say that the finding is supported by the evidence.

The judgment of the circuit court is therefore affirmed.

HART, J., dissents.

McCULLOCH, C. J., (on rehearing). Counsel for appellant urge for consideration a point thought to have been overlooked by the court, namely, that the original organization of the district is void for the reason that one-fourth of a mile of the road authorized to be constructed lies entirely outside of the district.

The allegation in section "B" of the first clause of the remonstrance in the affidavit for appeal from the county court contains a statement that one-fourth of a mile of the road lies wholly in the southwest quarter of section one, township eleven north, range three west, and that that tract was not included within the boundaries of the district. The plats in the record show that this charge is not well founded, but that the road, instead of running through the quarter-section mentioned above, is on the boundary line between that tract and another tract on the south, which is included in the district. It is true that the southwest quarter of section 1 was not in the boundaries of the original district, but it is a portion of the territory now sought to be annexed. It constituted an error in the original proceeding not to include that tract of land, but its omission was not such a defect as would render the organization void on the face of the proceedings. *Hill* v. *Echols*, 140 Ark. 474. The purpose of the statute in authorizing the annexation of territory found to be benefited was to give an opportunity to correct just such errors as may subsequently develop and which do not, on collateral attack, render the organization void.

This question was raised by demurrer to the remonstrance, and the rule is that on demurrer to pleadings the facts are treated as being true for the purpose of testing the sufficiency of the demurrer. This, however,

is a special proceeding, and the allegation in the remonstrance comes as a part of the designation or assignment of the grounds of appeal, as provided by statute. Crawford & Moses' Digest, § 5403. This statute provides that an owner of real property may appeal from the judgment of the county court establishing the district and shall file an affidavit for appeal, "stating in said affidavit the special matter upon which said appeal is taken." The demurrer to the specification in the affidavit reaches back to the record in the case, including the petitions and the plats and the order of the county court establishing the district, and the court has the right, in testing the sufficiency of the demurrer, to consider the allegations in connection with the whole record. We think that the court was correct in deciding that the charge that a part of the road to be constructed lies outside of the district is not sustained by the record.

Counsel reargue some of the questions decided in the original opinion, but we adhere to the conclusions that there was no error in the proceedings, and that the judgment should be affirmed.