CAMPBELL *v.* STATE.

4601                                              228 S. W. 2d 470

Opinion delivered March 20, 1950.

Rehearing denied March 24, 1950.

*G. T. Sullins* and *Rex W. Perkins,* for appellant.

*Ike Murry,* Attorney General and *Arnold Adams,* Assistant Attorney General, for appellee.

HOLT, J.   A jury convicted appellant of the crime of sodomy and assessed his punishment at a term of five years in the Penitentiary.   From the judgment is this appeal.

For reversal, appellant first earnestly contends that while ''Campbell (appellant) committed sodomy'' the undisputed evidence shows that he was insane at the time he committed the crime and at the time of trial, and says ''under the evidence it became a matter of law as to whether John Campbell was insane.''

Strongly supporting appellant's contention was the testimony of a number of prominent and reputable physicians, who are general practitioners.   All testified that in their opinion appellant was insane and not responsible

for his acts. None of these physicians had specialized in psychiatry.

On behalf of the State, Dr. Kosberg, a specialist in the psychiatric field, and assistant superintendent of the State Hospital, testified that, following Campbell's commitment to the Hospital for observation, after an examination of him over a period from September 9th to October 13, 1949, he found Campbell sane and responsible for his acts when the crime was committed, and during his stay in the Hospital. "What I am saying is that the man (Campbell) is mentally competent  *   *   *. The fact that an individual is perverted sexually doesn't mean the person—well, doesn't mean that he is mentally incompetent." (Trial was had October 31 and November 1, 1949.)

There was other evidence but this conflicting testimony on the question of appellant's sanity was sufficient to take the case to the jury. There was no error, therefore, in the court's denial of appellant's request for directed verdict, in his favor, at the close of all the testimony.

Appellant makes no serious criticism of any of the instructions which the court gave, but argues that the court erred in refusing to give certain instructions which he requested, and especially Instructions 3 and 4 as follows: (3) "The Court instructs you that in the event you find the defendant not guilty by reason of insanity, that this does not mean that he will be permitted to go free. It simply means that he cannot be sent to the State Penitentiary, by reason of his insanity, but that he will be incarcerated and kept in the State Hospital for Nervous Diseases in Little Rock, which is provided and supported by the State for the mentally incompetent. (4) The Court further instructs you that if you find the defendant not guilty by reason of insanity, that that does not discharge the Information filed against him, but that it merely holds said Information in abeyance, and if the defendant ever regains his sanity, he at that time may be tried on the charge of sodomy."

The court did not err in refusing these instructions. Where, as here, the defense relied upon was insanity, at

the time the crime was committed, these instructions were improper for the reason that they did not properly declare the law. It was no official concern of the jury what procedure might be followed, as to appellant, should he be found not guilty because of insanity.

We have examined the instructions given by the court and think they fully and fairly covered the law applicable to the case.

After reviewing the other instructions requested by appellant, but refused, we hold that they were fully covered by those which the court gave. It could serve no useful purpose to discuss each instruction separately. It suffices to say that we find no prejudicial error.

Affirmed.