Henry Louis DEAN *v.* STATE of Arkansas

CR 80-254                                    615 S.W. 2d 354

Supreme Court of Arkansas
Opinion delivered May 11, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Jack R. Kearney*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst.

Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. After a trial by jury, appellant, Henry Louis Dean, was sentenced to concurrent life terms for kidnapping and rape.

Appellant does not contest that he committed the acts necessary for a conviction, but relies upon his plea of mental defects and maintains that he was not accountable for his actions. Following the close of the State's case, appellant's mother testified that her son had a long history of mental disease and had been committed to various mental institutions on numerous occasions during the last five years.

Appellant next called Dr. Pierre Dwyer who had examined appellant during his court-ordered commitment to the Arkansas State Mental Hospital. It was Dr. Dwyer's opinion that appellant suffered from chronic schizophrenia which was in remission and that appellant's condition would come and go or recur; he further testified that appellant had been admitted to the state hospital 13 times since 1975 and related to the jury what appellant had told him:

> He mentioned that for four times in the past something like this had happened. He mentioned that he maybe could have some control over this if he paid for his sex. He suggested this as a way of managing his problems.

Appellant first argues that the court committed error in not granting a mistrial during cross-examination of Dr. Dwyer by Mr. Crowe, deputy prosecuting attorney, during which the following exchange occurred:

Q. You remember my telephone conversation with you the other day?

A. I was trying to recall it this morning. I can't recall the specific things that we talked about.

Q. Okay. Let's — Do you recall telling me in our telephone conversation that the defendant would be very likely to do this sort of thing again?

Appellant's counsel immediately objected based on insufficient foundation and prejudice and moved for a mistrial. The court sustained the objection, but denied the motion for a mistrial stating:

> Ladies and gentlemen of the jury, I am admonishing you at this time to disregard the last question of the prosecutor to the — I think his question was about is he likely to do it again. That has nothing to do with whether or not he's already done something. You will disregard that question.

Declaring a mistrial is an exceptional remedy to be used only where any possible prejudice cannot be removed by an admonition to the jury. *Cobb* v. *State*, 265 Ark. 527, 579 S.W. 2d 612 (1979). The trial court is granted a wide latitude of discretion in granting or denying a motion for mistrial, and the decision of the trial court will not be reversed except for an abuse of that discretion or manifest prejudice to the complaining party. *Brown* v. *State*, 259 Ark. 464, 534 S.W. 2d 207 (1976).

The question by deputy prosecuting attorney Crowe did not simply seek to elicit testimony from the witness, but, in effect, made a clear statement of fact amounting to testimony by him under the guise of cross-examination. The statement by Mr. Crowe, a judicial officer, was made for the sole purpose of convincing the jury that if appellant were allowed to remain free there was expert opinion that he would again commit the crimes for which he was then on trial. This testimony by a court official was a flagrant violation of appellant's right to a fair and impartial trial as guaranteed by the Arkansas and United States Constitutions and was so clearly prejudicial that the error could not be removed by the trial court's admonishing statement. See *Hughes* v. *State*, 154 Ark. 621, 243 S.W. 70 (1922); *Sharron* v. *State*, 262 Ark. 320, 556 S.W. 2d 438 (1977).

With regard to appellant's second assignment of error, we find that the trial judge properly refused to give a requested instruction informing the jury of the possible disposition of persons acquitted by reason of mental disease

or defect under Ark. Stat. Ann. § 41-612 (Repl. 1977). See *Campbell* v. *State*, 216 Ark. 878, 228 S.W. 2d 470 (1950); *Curry* v. *State*, 271 Ark. 913 (1981).

Reversed.

HOLT, J., not participating.

ADKISSON, C.J., and HAYS, J., dissent.

STEELE HAYS, Justice, dissenting. This case should be affirmed. In the first place, in denying appellant's motion for a mistrial the court promptly and firmly instructed the jury to disregard the question. We have repeatedly held that mistrial is an extreme remedy and the wide latitude given the trial court in such matters will not be reversed except in cases of manifest abuse and prejudice. *Brown & Bettis* v. *State*, 259 Ark. 464, 534 S.W. 2d 207 (1976). In *Limber* v. *State*, 264 Ark. 479, 572 S.W. 2d 402 (1978), we said that mistrial is "a drastic remedy to be resorted to ONLY WHEN THE PREJUDICE IS SO GREAT that it cannot be removed by an admonition to the jury." [Emphasis supplied.] This case decidedly fails such a test. There was no material prejudice here. As the majority opinion points out, the predilection of the appellant to commit similar acts had already been brought out by the appellant himself, in the testimony of Dr. Pierre Dwyer, in response to questions from counsel for appellant. How, then, can he convincingly argue that he was prejudiced by the prosecutor's unanswered question to Dr. Dwyer on the same point, improper though it may have been? I view the trial court's immediate and assertive admonition to the jury to disregard the question, coupled with the explanation to them that the matter had nothing to do with the issue before them, to have cured whatever minimal prejudice might inhere to the question.

We have held, correctly, that where the evidence of guilt is overwhelming, as in this case, and the error harmless, as in this case, reversal is not warranted. *Pace* v. *State*, 265 Ark. 712, 580 S.W. 2d 689 (1979). See also, *Harrington* v. *California*, 395 U.S. 250 (1969). To burden the county, the trial court, the prosecutor, and the witnesses with another trial of

this case on the slender ground relied on serves neither the ends of justice nor any useful purpose. I would affirm.

Chief Justice Adkisson joins in this dissent.