# Charles W. COUCH *v.* STATE of Arkansas

CR 80-194                                   621 S.W. 2d 694

Supreme Court of Arkansas
Opinion delivered October 5, 1981

*E. Alvin Schay,* State Appellate Public Defender, by: *Matthew Wood Fleming,* Deputy Appellate Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant, Charles W. Couch, was charged with capital murder and attempt to commit first-degree murder. Both his plea and his defense at trial were that he was not guilty by reason of mental disease or defect. The uncontradicted proof revealed that on the evening of July 29, 1979, in one criminal episode on East Huntsville Road in Fayetteville, appellant shot and killed his estranged wife, Judy Wright Couch; shot and critically wounded Judy Couch's cousin, Brenda Lee Jones; and shot and killed Miss Jones' suitor, Larry Kilpatrick. Immediately afterwards, appellant shot himself in an attempted suicide. The jury found appellant guilty on both charges. He was sentenced to life imprisonment without parole for capital murder and twenty years to be served consecutively for the attempt to commit first-degree murder. We affirm.

The appellant's first assignment of error involves the instructions to the jury. In instructing on capital murder the trial judge gave instructions on capital murder, murder in the second degree and manslaughter. A requested instruction on murder in the first degree was refused.

The pertinent sections of the capital murder statute, Ark. Stat. Ann. § 41-1501 (Repl. 1977) provide:

(1)  A person commits capital murder if: . . .
(c)  with the premeditated and deliberated purpose of

causing the death of any person, he causes the *death of two (2) or more persons* in the course of the same criminal episode . . . [Emphasis supplied.]

The applicable sections of the first-degree murder statute, Ark. Stat. Ann. § 41-1502 (Repl. 1977) provide:

(1)   A person commits murder in the first degree if: . . .
(b)   with the premeditated and deliberated purpose of causing the death of *another person,* he causes the death of *any person.* [Emphasis supplied.]

In the context of the case before us capital murder is premeditatedly and deliberately causing the death of two persons, while first degree murder is premeditatedly and deliberately causing the death of one person.

The questions for the jury were whether appellant killed two people in one criminal episode and whether the shooting was the irrational act of one who was mentally ill to the degree of legal irresponsibility. It is uncontradicted that appellant killed two people in the course of one criminal episode. The issue of consequence for the jury to decide was the culpable mental state. If premeditation and deliberation were found then appellant was guilty of capital murder. If a lesser culpable mental state was found then second-degree or manslaughter findings would have been appropriate. There was no evidence to support the giving of an instruction on first-degree murder. There is no error in the refusal to give an instruction where there is no evidence to support the giving of that instruction. *Frederick* v. *State,* 258 Ark. 553, 528 S.W. 2d 362 (1975). Each possible alternative was submitted to the jury. In refusing the requested instruction the trial judge correctly stated:

I'm going to refuse that instruction because the evidence as presented in this case, it would be impossible, in effect, as far as the requirements of the law for the jury to make a finding of first-degree murder; because the evidence is uncontradicted and it has been admitted that the defendant did kill two people. At issue is premeditation and deliberation. Now if they find

premeditation and deliberation, then with the fact before them that there were two deaths, they would have to find capital murder. If they do not find premeditation and deliberation they could not as a matter of law find first degree. It would have to be reduced to a lesser degree than first degree.

If there had been even slight evidence that appellant was guilty of murder in the first degree we would reverse and require an instruction on that lesser included offense. *Brewer* v. *State*, 271 Ark. 254, 608 S.W. 2d 363 (1980).

This is a case of first impression. A casual reading of the case of *Robinson* v. *State*, 269 Ark. 90, 598 S.W. 2d 421 (1980), might erroneously lead one to a different conclusion. In that case the defendant was charged with capital murder for the killing of two people and he pleaded not guilty because of insanity. The trial court refused to instruct on any lesser included offenses. We reversed, holding that there was evidence upon which a jury could make a finding that the defendant acted without premeditation and deliberation and, as a result, was guilty of second-degree murder. The failure to instruct on second-degree murder gave the jury no realistic alternative but to find the requisite culpability or permit the defendant to go free. Such an action clearly enhanced the risk of an unwarranted conviction. That danger does not exist in the present case because the trial judge gave the instructions which would have allowed the jury to find that the appellant acted without premeditation and deliberation. The refusal to give an instruction on first-degree murder did not enhance the risk of an unwarranted conviction. In *Robinson*, supra, we stated, as obiter dictum, that upon retrial an instruction on first-degree murder ought to be given. However, that was not a point in issue and is not binding.

The appellant contends that the trial court abused its discretion in unduly restricting voir dire. No specific instances of the court restricting voir dire are pointed out. Rather, only conclusory allegations of such restrictions are given. Even when we consider the 861 pages of voir dire in the transcript, there is no objection about undue restriction.

Our fundamental rule is that an argument for reversal will not be considered in the absence of an appropriate objection in the trial court. *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980).

Appellant urges us to adopt the position that death qualified juries are guilt prone and, as a result, he has been denied due process and equal protection guaranteed under the Fifth and Fourteenth Amendments to the Constitution of the United States. We have consistently refused to adopt this position. *Miller* v. *State*, 269 Ark. 341, 605 S.W. 2d 430 (1980), cert. denied 450 U.S. 1035, 101 S. Ct. 1750 (1981).

It is asserted by appellant that the trial court erred in admitting into evidence eight photographs. Two of the photographs are close range color pictures of the two victims who were killed. They are not grotesque. They reveal the small wounds and the small amounts of blood which are consistent with both victims having been shot once in the chest with a .22 caliber rifle. The location of the fatal wounds was relevant to the cause of death as well as the intent of appellant. One exhibit was a photograph of the rifle used by appellant. The picture is relevant and not inflammatory. A series of four photographs show the position of the bodies at the scene, with each one of the pictures being taken from a different angle. The location of the bodies is relevant to the course of conduct by the appellant and there is no unfair prejudice in this series of pictures. The final photograph shows the fatal wound to Judy Couch which was not readily apparent in the previous exhibits. Each of these photographs was admitted for a relevant purpose. Relevant evidence will be excluded only if its probative value is substantially outweighed by the danger of unfair prejudice. *Gruzen* v. *State*, 267 Ark. 380, 591 S.W. 2d 342 (1979). The question of admissibility of photographs lies largely in the sound discretion of the trial court. *Tanner* v. *State*, 259 Ark. 243, 532 S.W. 2d 168 (1976). If their introduction serves a valid purpose we will not reverse unless there is a clear abuse of discretion. *Hulsey* v. *State*, 261 Ark. 449, 549 S.W. 2d 73 (1977). The trial court acted within its sound discretion in this case.

Appellant next contends that the court should have given a requested instruction, taken from the language of Ark. Stat. Ann. § 41-612 (Repl. 1977), explaining to the jury that even after a verdict of not guilty by reason of insanity the court would still have three alternatives, the first of which would be to commit the defendant to an appropriate institution if the defendant was found to be so affected by mental disease or defect as to present a risk of danger to himself or to others. The other alternatives were also to be explained, the general effect being to tell the jury that the appellant would not automatically be released if found not guilty by reason of insanity.

Appellant recognizes that we recently addressed this identical argument and approved the trial judge's refusal to give the proposed instruction. *Curry* v. *State*, 271 Ark. 913, 611 S.W. 2d 745 (1981). However, he urges that we overturn *Curry*. We do have the power to overrule an opinion previously rendered. *Gregg* v. *Road Improvement Dist. No. 2*, 169 Ark. 671, 277 S.W. 515 (1925). However, there should be settled rules for the proper administration of justice and we will adhere to our previous decisions unless some injury or injustice will result. *Rhea* v. *State*, 104 Ark. 162, 147 S.W. 463 (1912). In *Curry*, supra, we carefully considered the sharp divisions of authority on this issue and reexamined our previous decision as stated in *Campbell* v. *State*, 216 Ark. 878, 228 S.W. 2d 470 (1950). We see no injustice in our decision and adhere to that position.

Appellant also argues that the jury's finding that he was not insane at the time of the offense was erroneous. Pursuant to Ark. Stat. Ann. § 41-601 (Repl. 1977), he had the burden of proving by a preponderance of the evidence that, at the time of the offenses, he was suffering from a mental disease or defect to the extent he lacked the capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. *Campbell* v. *State*, 265 Ark. 77, 576 S.W. 2d 938 (1979). On appeal from a jury verdict rejecting an insanity defense the issue is whether there is any substantial evidence to support the verdict. *Gruzen* v. *State*, supra.

There was substantial evidence from which the jury could conclude that appellant could appreciate the criminality of his acts. Appellant was found by the staff at the State Hospital to be without psychosis. The victim who lived testified that just before shooting the appellant stated "You all played me for a . . . fool. You didn't think I'd do it, but I'm getting even now." Immediately after shooting the appellant said, "Please, God, forgive me." He directed another person to call an ambulance and the police. He stated that he intended to kill himself and added, "Well, I can't sit in the pen the rest of my life." After he had attempted suicide he was discovered in a truck and he said, "I'm hurting and I'm hiding." After his arrest he had his wits about himself. He understood his rights and did not want to confess. Clearly, there was substantial evidence from which the jury could conclude that appellant did appreciate the criminality of his actions.

Appellant asks us to revise our standard of review in insanity cases as set out in *Campbell*, supra, and *Gruzen*, supra. We find no injustice in our standard and decline to change it.

Pursuant to Rule 11 (f) of the Rules of the Supreme Court, Ark. Stat. Ann. Vol. 3A (Repl. 1979), the record of the trial below has been examined and we find no prejudicial error.

HOLT and PURTLE, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority because, in my opinion, they have misconstrued the law and misinterpreted our prior decisions. For a comparison of the capital murder statute and the first degree murder statute you need only turn back to the majority opinion because they are set out correctly. As stated by the statute and by the majority opinion in this case, both first degree murder and capital murder require premeditation and deliberation. The only difference in the two statutes is that if a person causes the death of two or more persons, he is guilty of capital felony murder. On the other hand, if he takes only one life, he is guilty of first degree murder. The

murders in question here were not felony murders. There-
fore, when the appellant killed the first person he had
completed all elements of the crime of first degree murder. In
fact, had the second person not been killed he could have
only been tried for first degree murder. Therefore, at least as
to the first person killed he was absolutely entitled to a first
degree murder instruction. It is my contention that it is
impossible to commit capital felony murder by the murder
of two or more persons without first committing two or
more first degree murders. The appellant may well have
been guilty of two first degree murders in this case.

Up until this time we have pretty well held in keeping
with the views I state herein. I know of no reason why the
court should depart from its established line of reasoning
and the cases already in existence. For example, in *Robinson*
v. *State*, 269 Ark. 90, 598 S.W. 2d 421 (1980), we dealt with a
factual situation almost identical to the present one. In
*Robinson*, the appellant shot and killed two people and
injured a third in the same episode. Robinson's defense was
identical to that of the appellant in the present case. The
majority misinterpret the plain language of *Robinson* and
misread the opinion when they say we sent it back only
because of the failure to give a second degree murder
instruction. Our exact words in *Robinson* were:

> . . . On retrial the court should also include an
> instruction on first degree murder if the evidence again
> supports an instruction on second degree murder. . . . .

It could not be more clearly expressed that we intended for a
first degree murder instruction to be given in *Robinson*.

The majority correctly interpret *Brewer* v. *State*, 271
Ark. 254, 608 S.W. 2d 363 (1980). Brewer, as in *Robinson* v.
*State*, supra, and the present case, claimed mental defect to a
felony capital murder charge. We have many times held that
where there is the slightest evidence to warrant such an
instruction it amounted to error to fail to give the in-
struction on the lesser included offense. *Robinson* v. *State*,
supra; *Brewer* v. *State*, supra; *Westbrook* v. *State*, 265 Ark.
736, 580 S.W. 2d 702 (1979). We have been so rigid in our

enforcement of an accused's right to a lesser included instruction that we have even approved the giving it over his objection. *Kurck* v. *State*, 235 Ark. 688, 362 S.W. 2d 713 (1962).

HOLT, J., joins in this dissent.