James MADISON *v.* STATE of Arkansas

CR 85-120                                     697 S.W.2d 106

Supreme Court of Arkansas
Opinion delivered October 14, 1985

*William R. Simpson, Jr.*, Public Defender, and *Arthur L. Allen*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. James Madison was charged with first degree murder in the fatal stabbing of Alma Picknell, and with attempted first degree murder in the stabbing of Lewis Campbell, who came to her aid. Rejecting the defense of not guilty by reason of mental disease or defect, the jury returned a verdict of guilty of first degree murder, and guilty of a lesser charge of attempted second degree murder. Consecutive sentences of life and ten years were imposed, from which Madison brings this appeal.

The single allegation of error is the trial court erred in refusing to give an instruction requested by the defense which would have told the jury the procedure followed when a defendant is acquitted by reason of mental disease or defect. In substance the instruction explained that the defendant would be committed to the Director of the State Hospital and if the Director determined the defendant was still affected by mental disease or defect and presented a risk of danger to himself or to others, the Director would institute commitment proceedings in probate court; further, that if the probate court found the defendant was still affected it would commit the defendant to the appropriate institution, otherwise, it would order him discharged or released on such conditions as the court might impose.

Appellant maintains that while jurors may not have an official interest in what happens when an individual is found not guilty by reason of mental disease or defect, without some knowledge of the sort provided in appellant's requested instruction the jury is more likely to yield to the urge to protect society by sentencing the defendant to prison, the only course it sees open to it. Appellant cites only *Lyles* v. *United States*, 254 F.2d 725 (D.C. Cir. 1957), where the court reasoned that a jury knows a verdict of not guilty means the defendant goes free and a verdict of guilty

means he becomes subject to such punishment as the court may impose but that a verdict of not guilty by reason of insanity has no commonly understood meaning. In fact, the court noted the meaning of such a verdict was not even clear under the law until Congress enacted a statute on the subject two years earlier.

Appellant recognizes that our cases do not agree with the argument he advances. Nevertheless he submits those cases should be overturned. We have reexamined the principle in the light of his argument and we adhere to the point of view already expressed in our decisions, beginning with *Campbell* v. *State*, 216 Ark. 57, 228 S.W.2d 470 (1950), followed by *Curry* v. *State*, 271 Ark. 913, 611 S.W.2d 745 (1981); *Dean* v. *State*, 272 Ark. 448, 615 S.W.2d 354 (1981); *Couch* v. *State*, 274 Ark. 29, 621 S.W.2d 694 (1981) and most recently in *Love* v. *State*, 281 Ark. 379, 664 S.W.2d 457 (1984).

█ We are persuaded by several considerations: first, because it is not for the jury to concern itself with procedures for dealing with someone who is adjudged to be not guilty because of mental disease, any more than it is for the jury to concern itself with parole practices in fixing penalties. Both of these factors are extraneous to the function of the jury and we have said the jury should not be influenced by either in reaching its verdict. See *Curry* v. *State, supra.*

█ Second, to interject the issue of the disposition of the defendant after trial would accomplish nothing so much as to distract the jury from its primary responsibility. That is the view expressed by the Court of Appeals for the 5th Circuit in rejecting *Lyles* v. *United States*:

> . . . Matters relating to the disposition of the defendant tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided. In a case of this nature what they are to decide was whether the defendant was guilty or not. See *Pope* v. *United States*, 298 F2d 507, 508 (CA 5th Cir. 1962).

While we acknowledge some authority to the contrary, we think a clear majority of other states rejects *Lyles* v. *United States, supra*, and opposes giving such an instruction. See cases

cited in 11 ALR 3rd 737, 1985 Supplement at p. 6, Whartons Criminal Procedure, 12th Edition, § 548, and generally cases cited in West's General Digest, Criminal Law, § 790, Vol. 1981, et seq.

Concerning the *Lyles* decision, we note that three members of the court disagreed with the majority and remained opposed to the instruction five years later when *McDonald* v. *United States*, 312 F.2d 847 (D.C.Cir. 1962), was decided. Moreover, we think it may have been easier in 1957 to assume, as the *Lyles* majority did, that the public generally is uninformed as to the disposition of someone acquitted by reason of insanity, particularly in light of the suggestion by the court that even the law on the subject was unclear until Congress settled the issue in 1955. But that was thirty years ago and we are unwilling to abandon our precedents on the basis of a pure assumption that the public as a whole is ill-informed on the subject, an arguable point at best. That premise has not gone unchallenged elsewhere. See *Vermont* v. *Hood*, 187 A.2d 499 (S.Ct. Vt. 1963).

Finally, soon after *Curry* v. *State, supra*, was decided we were asked by the appellant in *Couch* v. *State, supra*, to change our rule. We declined to do so, saying:

> Appellant recognizes that we recently addressed this identical argument and approved the trial judge's refusal to give the proposed instruction. [*Curry* v. *State, supra*]. However, he urges that we overturn *Curry*. We do have the power to overrule an opinion previously rendered. *Gregg* v. *Road Improvement Dist. No. 2*, 169 Ark. 671, 277 S.W. 515 (1925). However, there should be settled rules for the proper administration of justice and we will adhere to our previous decisions unless some injury or injustice will result. *Rhea* v. *State*, 104 Ark. 162, 147 S.W. 463 (1912). In *Curry, supra*, we carefully considered the sharp divisions of authority on this issue and reexamined our previous decisions as stated in *Campbell* v. *State*, 216 Ark. 878, 228 S.W.2d 470 (1950). We see no injustice in our decision and adhere to that position.

The judgment is affirmed.

PURTLE, J., not participating.