David FOSTER *v.* STATE of Arkansas

CR 87-138                                    741 S.W.2d 251

Supreme Court of Arkansas
Opinion delivered December 21, 1987
[Rehearing denied January 25, 1988.]

*William R. Simpson, Jr.*, Public Defender, by: *Susan Wilson*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. David Foster was convicted of rape [Ark. Stat. Ann. § 41-1803 (Repl. 1977)] and sentenced to thirty-five years imprisonment. On appeal he argues that the judge erred in denying his motion for new trial since the prosecuting attorney engaged in prejudicial conduct during the course of the trial. We find no error and affirm.

The victim was raped on August 16, 1986. She positively identified Foster, who was a friend of her daughter, in a photographic lineup six days after the rape and also at trial. One of the state's medical experts testified that upon examination of the victim approximately four hours subsequent to the rape, he found fresh bruises on her chest and sperm in the vaginal vault. The prosecution's forensic serologist testified that he found an "A" blood group substance on the vaginal swabs which matched both Foster's and the victim's blood group.

During the investigation of the rape, Foster made the following exculpatory statement to Sergeant Carol Kimble of the Pulaski County Sheriff's Department: "I have never been in the

house with [the victim]." At trial, this statement was not introduced into evidence but was referred to by both the defense and prosecution when questioning various witnesses. Later, in his closing argument, defense counsel stated:

> What did the police know about the case? What real or physical evidence has been provided that in any way connects the defendant to the commission of this crime? The police know nothing. They took some statements. They took a statement from the Defendant. He was arrested on August 21st, and they took a statement from him. Is there anything inconsistent in that statement with what was said today? If there had been, you'd have heard about it.

In the state's closing rebuttal, the prosecutor responded:

> Mr. Simpson also states that David gave his statement back to the police in August, 1986. Well, if he thought it was that important, and it was so consistent with David's testimony, don't you think you would have seen it, too? It's not, and you heard me ask David —

Defense counsel interrupted with an objection, which was sustained by the trial court. The defense then moved for a mistrial, which the trial court took under advisement, while at the same time admonishing the jury:

> Ladies and gentlemen, a few moments ago during closing statements counsel made a reference to your not seeing a certain statement. The introduction of evidence in Court is governed by law. You will disregard that statement of counsel and will not give it any consideration or any weight during your deliberations.

At the conclusion of trial, the motion for mistrial was denied, and the jury returned its verdict of guilty. Foster filed a motion for a new trial, which was denied by the trial court. It found that any error committed was cured by the admonition. We agree.

The decision whether to grant a new trial is left to the sound discretion of the trial judge and will not be reversed in the absence of an abuse of discretion or manifest prejudice to the complaining party. *Vasquez* v. *State*, 287 Ark. 468, 701 S.W.2d

357 (1985). Unlike the statement in *Timmons* v. *State*, 286 Ark. 42, 688 S.W.2d 944 (1985), we cannot say with any degree of certainty that the error of trial counsel was prejudicial to Foster. An admonition to the jury usually cures a prejudicial statement unless it is so patently inflammatory that justice could not be served by continuing the trial. *Abraham* v. *State*, 274 Ark. 506, 625 S.W.2d 518 (1981). What little prejudice that may have resulted from the prosecutor's statement was cured by the trial court's admonition.

Affirmed.