Willie Charles ALLEN v. STATE of Arkansas
CR 88-175                                    760 S.W.2d 69
Supreme Court of Arkansas
Opinion delivered November 21, 1988

*Matt Keil*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Willie Charles Allen, was convicted of aggravated robbery and theft. He contends the identification of him at the trial by the victim should

have been suppressed because it was the product of the previous identification at an improperly conducted police lineup. Three arguments are made with respect to the lineup. First, he argues that the lineup was improper because he was denied his right to be taken before a magistrate without unnecessary delay. Second, he contends he was denied his right to counsel when the lineup was conducted, and third, he contends the lineup was so suggestive that his right to due process was violated. While we agree there was unnecessary delay between the time Allen was arrested and his arraignment, we do not find that the lineup was in any way related to or produced by the delay, and thus the delay did not require suppression of the in-court identification. Second, Allen had not been charged when the lineup was conducted, thus his right to counsel had not attached, and third, we disagree with his argument that the lineup was so suggestive as to violate his right to due process. The conviction is thus affirmed.

Melissa Fulce testified that, while she was working alone as the clerk in a Texarkana, Arkansas, convenience store on January 14, 1987, Allen entered the store. He picked up a bottle of soft drink and brought it to the counter where Fulce was working. Instead of getting out his money to pay for the drink, he pulled a gun and demanded money. She gave him money from the cash register, and he then told her to take the drawer out. She did so, and he reached in and took some twenty-dollar bills which had been under the drawer. Fulce testified the store was well lighted, and her assailant stood about an arm's length in front of her. As he left the store he said he was sorry but that he had a sick baby.

On January 16, 1987, Fulce was shown a photo-spread of men who fit the description she had given the police. There were two rows of three pictures each. She picked out Allen whose picture was numbered "3" and was third from the left on the top row. Earlier that day, just after midnight, Allen was arrested for the robbery of a convenience store in Wake Village, Texas. He was caught in Texarkana, Arkansas, driving a vehicle the description and license number of which fit those of a vehicle used in the Texas robbery. At 4:10 p.m. on January 16, 1987, he was arrested on the Arkansas charge. On January 23, 1987, Fulce viewed a live lineup and identified Allen as the man who had robbed the store where she worked. Allen was the third man from the right, holding a placard with a "3" on it. Both identifications

were unequivocal, and Fulce testified no suggestions were made to her by police officers who were present.

Allen, who was incarcerated in the Bi-State Criminal Justice Center in Texarkana, was not arraigned on the Arkansas charges until February 27, 1987, some 42 days after his initial incarceration resulting from the Texas robbery. Before the trial, Allen moved to suppress the proposed in-court identification of him by Fulce. The motion was based solely on the ground that Allen had been arrested unlawfully. There was no mention of the delay. The court denied the suppression motion. At the trial, Allen objected to the identification of him by Fulce contending first that his Sixth Amendment rights had been violated and, second that the delay in bringing him before a magistrate was unlawful. The motion was overruled, and Fulce, at trial, again positively identified Allen as the man who had committed the robbery.

### 1. The delay

As the pretrial suppression motion was not based upon the violation of Rule 8.1., we will not consider on appeal the argument that it should have been granted on that basis. Ark. R. Crim. P. 36.21; *Boone v. State*, 282 Ark. 274, 668 S.W.2d 17 (1984).

The overruling of the objection to the identification testimony at the trial was also proper. Arkansas R. Crim. P. 8.1. provides: "An arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay." The rule is mandatory, but it does not require dismissal of the charges. *Cook v. State*, 274 Ark. 244, 623 S.W.2d 820 (1981); *Bolden v. State*, 262 Ark. 718, 561 S.W.2d 281 (1978). *See* Note, 38 Ark. L. Rev. 842 (1985). If evidence is gained as the result of the proscribed delay, it must be suppressed. *Duncan v. State*, 291 Ark. 521, 726 S.W.2d 653 (1987); *Richardson v. State*, 283 Ark. 82, 678 S.W.2d 772 (1984). In the *Duncan* case we wrote that the suppression will occur if there is unnecessary delay, the evidence obtained as a result of the delay is prejudicial, and the evidence is reasonably related to the delay.

Allen was not charged until almost a month after he was positively identified as the culprit, and he was not arraigned

until another seven days had passed. The delay in this case was unreasonable on its face, and no attempt was made by the state to explain it. Nor is there any doubt that, if the identification of Allen by Fulce was related to the delay, it prejudiced his case. However, we cannot conclude that the identification was in any way influenced or contributed to by the delay. Unlike the situation where an accused gives an inculpatory statement to the police after many days of incarceration without arraignment, Fulce's testimony identifying Allen had nothing to do with the delay.

■■ The only other argument Allen makes with respect to the delay is that his incarceration prevented him from obtaining alibi witnesses. This argument was made for the first time in Allen's motion for a new trial. The decision whether to grant a new trial in a criminal case lies within the discretion of the trial judge. *Foster v. State*, 294 Ark. 146, 741 S.W.2d 251 (1987); *Vasquez v. State*, 287 Ark. 468, 701 S.W.2d 357 (1985). We know of no case which entitles an accused to relief under Rule 8.1. on the ground that the accused was unable to obtain evidence in his favor. *Cf. Scott v. State*, 263 Ark. 669, 566 S.W.2d 737 (1978), where we said the failure to abide by the rule would be considered in determining whether there was prejudicial prosecutorial delay. Given the failure to raise the question earlier, and the likelihood that raising it in a timely manner would have been to no avail, we find no abuse of discretion in the trial court's refusal to grant a new trial.

## 2. Right to counsel at the lineup

■ At the time the lineup was conducted, formal charges in the Arkansas robbery had not been lodged against Allen. There is no right to counsel at a lineup unless charges have been filed. *Moore v. Illinois*, 434 U.S. 220 (1977); *McClendon v. State*, 295 Ark. 303, 748 S.W.2d 641 (1988).

## 3. Suggestiveness of the lineup

■ In *Frensley v. State*, 291 Ark. 268, 724 S.W.2d 165 (1987), we set out the requirements for holding that a police conducted lineup was so suggestive that it would require suppression of subsequent identifications. We held that we would not reverse unless the trial court's decision was clearly erroneous,

citing *Cook* v. *State*, 283 Ark. 246, 675 S.W.2d 366 (1984). The only allegation made here is that Allen was given the same number in the lineup as had been next to his name in the photospread where he was first unhesitatingly identified by Fulce. The decision was not clearly erroneous.

Affirmed.