Christopher KING *v.* STATE of Arkansas

CR 88-170                                    769 S.W.2d 407

Supreme Court of Arkansas
Opinion delivered May 1, 1989

*Matt Keil*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted of

rape and burglary and was sentenced to consecutive terms of life and thirty years in prison. On appeal he argues that the court erred in not granting his motion for mistrial and in failing to suppress the in-court identification by the victim. We do not agree with either argument and therefore affirm the action taken in the trial court.

The victim was raped twice on February 28, 1987. At about 2:30 a.m. an intruder raped the woman in her bedroom after ordering her to take off her clothes. Although the victim is nearsighted and was not wearing glasses when her attacker raped her, she later testified that he was close enough for her to identify him when he first approached while the bedroom light was still on. Following the rape, the victim told her attacker that she had some money in a purse in an adjacent hallway. In order to locate it, the intruder turned on the hall light. When he returned with the purse, he allowed the victim to get her glasses, and she was able to see him well. The intruder raped the victim a second time before he left the house at about 6:00 a.m. As he left he turned on a light, and she observed his features again.

On March 10, 1987, the appellant was in custody on a related charge when he was placed in a lineup at which the rape victim identified him as her attacker. The appellant had not been charged with either the rape or the burglary at that time.

During the trial the victim made an in-court identification of the appellant. After extensive cross-examination by the defense counsel, the victim, who had walked in front of the jury as she was leaving the courtroom, appeared to faint or collapse in the exit doorway. The trial court overruled the appellant's motion for a mistrial at that point and subsequently instructed the jury to disregard the incident.

We first consider whether the court erred in failing to grant a mistrial at the time the victim collapsed in the jury's presence. A mistrial is an extreme and drastic remedy which will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial. *Brewer v. State*, 269 Ark. 185, 599 S.W.2d 141 (1980). The decision whether to grant a new trial is left to the sound discretion of the trial judge and will not be reversed in the absence of an abuse of discretion or manifest prejudice to the complaining party. *Foster*

v. *State*, 294 Ark. 146, 741 S.W.2d 251 (1987). Generally a cautionary instruction will take care of unusual events such as this. *Hill* v. *State*, 275 Ark. 71, 628 S.W.2d 285 (1982). There are circumstances, however, in which statements or actions in the jury's presence are so highly prejudicial that they violate the accused's right to a fair trial, and no admonition to the jury can cure them. *Dean* v. *State*, 272 Ark. 448, 615 S.W.2d 354 (1981); *Sharron* v. *State*, 262 Ark. 320, 556 S.W.2d 438 (1977); and *Hughes* v. *State*, 154 Ark. 621, 243 S.W. 70 (1922).

It is unfortunate that the victim collapsed in the presence of the jury. There is, however, no indication whatsoever that either the victim or the state orchestrated this action for the jury's benefit. The court admonished the jury to render its verdict on the basis of the testimony and instructions and to put aside prejudice, sympathy and the like. He specifically directed the jurors not to consider the witness's collapse in their deliberations. The court's admonition to disregard the incident was apparently as effective as words can be in directing the jury to not consider the matter in reaching a verdict.

■ We recently decided a case which is factually similar to the present case. In *Wilson* v. *State*, 297 Ark. 568, 765 S.W.2d 1 (1989), we upheld the trial court's denial of a continuance following the testimony of a rape victim who was in obvious pain and discomfort and who communicated her condition to the jury through language and groans and grunts. Earlier, in considering the refusal of a trial court to grant a mistrial, we approved an admonition to disregard the emotional outburst of a murder victim's mother while she was testifying on the stand. *Venable* v. *State*, 260 Ark. 201, 538 S.W.2d 286 (1976). We find that no prejudice has been demonstrated.

■■ The second point for reversal is that the trial court erred in failing to suppress the victim's in-court identification of the appellant. This point was raised in a pretrial motion in which the appellant sought to prevent the victim from identifying him in court based upon the lineup identification procedure held on March 10, 1987. Counsel failed to obtain a ruling by the court on this motion. It is the duty of the appellant to obtain a ruling on his motions. *Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 189 (1987). The appellant argues that he was entitled to counsel at

the lineup proceedings, despite the fact that formal charges against him had not been filed at the time. In *McClendon* v. *State*, 295 Ark. 303, 748 S.W.2d 641 (1988), we held that the Sixth Amendment right to counsel had not attached when the accused was required to participate in the lineup prior to the time charges had been filed against him. See also *Kirby* v. *Illinois*, 406 U.S. 682 (1972), and *Bowden* v. *State*, 297 Ark. 160, 761 S.W.2d 148 (1988).

The issue of whether to declare a mistrial is a matter which was no doubt seriously considered by the trial court and refused. We cannot find from the record that there was an abuse of discretion by the judge. Even if we were to reach the second issue, the circumstances of this case do not require reversal for allowing the in-court identification. The judgment is therefore affirmed.