PHILLIP T. WHITEAKER, Judge
Appellant Neal Allen Hall[1] was charged and convicted by a Garland County jury of second-degree sexual assault and was sentenced to fifty years in the Arkansas Department of Correction. Hall appeals his conviction, claiming that the trial court erred in denying his motion for a mistrial. We agree.
The facts of this appeal are straightforward. On April 9, 2013, Hall was at the Goodwill store in Hot Springs, Arkansas. E.M., an eight-year-old female, was shopping with her family at the store. E.M. claimed that Hall approached her, said that he wanted to "f---" her, and inappropriately touched her on her bottom. When she screamed and ran to her mother, Hall fled the store.
After the State presented these facts, Hall testified on his own behalf. Hall admitted approaching and speaking to E.M. He stated that he was only trying to console her after she had been admonished by her father for riding a bike in the store. He stated that he had been a victim of physical and sexual abuse and that he felt the need to console E.M. after she had been disciplined. He only wanted to let E.M. know that her father did not have to talk to her that way. Hall admitted patting E.M. on the back while speaking with her, but he denied touching her inappropriately.
Concerning his fleeing the store, Hall claimed that he fled the store, not because he had done anything inappropriate, but because the other patrons threatened to beat him. He stressed that, after having initially fled, he returned to talk with the officers. It is this testimony that raises the point of controversy on appeal.
In response to Hall's testimony concerning his having fled the store, the prosecutor made the following remarks on cross-examination:
So you admit from [sic] fleeing from the store but you had a change of heart and decided to come back. So let's talk about when you fled from your jury trial. It was a condition of your bond, wasn't it, to have an ankle monitor?
Defense counsel objected on two bases: (1) the State had not given notice that it intended to introduce this as 404(b) evidence; and (2) this evidence was significantly more prejudicial than it was probative. The State responded that it was trying to introduce evidence of his having fled as evidence of his consciousness of guilt. The court sustained the objection without specifying on which basis it was relying. Defense counsel asked for a mistrial. The court denied the mistrial and issued a curative instruction to the jury: "All right, Ladies and Gentlemen, you will disregard that last question of the Prosecuting Attorney."
Hall argues one issue on appeal: that the trial court erred in denying his motion *335 for a mistrial.[2] He notes that the trial court sustained his objection, finding the State's question improper. Because the case against him hinged on credibility, Hall contends that the curative instruction given by the court was insufficient to cure the prejudice caused by the State's remarks. We agree.
Our supreme court has set forth the law regarding mistrials. A mistrial is an extreme and drastic remedy to be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing the trial. Russell v. State , 306 Ark. 436, 815 S.W.2d 929 (1991). A trial court may grant or deny a motion for mistrial utilizing sound discretion, and the exercise of that discretion should not be disturbed on appeal unless an abuse of discretion or manifest prejudice to the complaining party is shown. See King v. State , 298 Ark. 476, 769 S.W.2d 407 (1989). Among the factors considered by this court on appeal in determining whether a trial court abused its discretion in denying a mistrial motion are whether the prosecutor deliberately induced a prejudicial response and whether an admonition to the jury could have cured any resulting prejudice. Sampson v. State , 2018 Ark. App. 160, 544 S.W.3d 580.
We conclude that the prosecutor's statement during cross-examination was obviously designed to induce a prejudicial response. During cross-examination, the prosecutor asked the question, "It was a condition of your bond, wasn't it, to have an ankle monitor?" Before this question was asked, however, the prosecutor made two statements: (1) "So you admit from [sic] fleeing from the store but you had a change of heart and decided to come back"; and (2) "So let's talk about when you fled from your jury trial." It is apparent from the record that these prosecutorial statements were not calculated to elicit testimony from Hall; instead, they were clear statements of fact by the prosecutor amounting to testimony under the guise of cross-examination. When the prosecution utilizes clear statements of fact amounting to testimony under the guise of cross-examination for the purpose of inducing a prejudicial response, this constitutes a flagrant violation that cannot be cured with an admonishment to the jury. See Dean v. State , 272 Ark. 448, 615 S.W.2d 354 (1981).
To compound this error, the prosecutor's statement to the jury was deliberately misleading for a couple of reasons. First, the prosecutor's statement is factually incorrect. The prosecutor informed the jury that Hall had "fled" from his jury trial. Hall did not "flee" from a jury trial; he failed to appear at a previously scheduled jury trial, resulting in a warrant for his arrest, with no formal failure-to-appear charge. The difference in imagery surrounding the two phrases "fleeing" and "failure to appear," especially for a lay jury, is substantial. Second, the prosecutor's statement that Hall had fled from his jury trial was misleading to the jury and called on it to engage in speculation. The prosecutor did not make it clear to the jury that Hall had failed to appear in a previously scheduled jury trial in this case , leaving the jury to speculate as to how many jury trials or crimes in which Hall had been involved, insinuating that Hall was a bad person.
We do not find the prosecutor's phrasing in this manner to be inadvertent. Simply put, the prosecutor uttered a deliberately *336 misleading statement to the jury based on "facts" not in evidence. Our supreme court has long held that a prosecuting attorney should not be tempted to appeal to prejudices, pervert testimony, or make statements to the jury which, whether true or not, have not been proved. Timmons v. State , 286 Ark. 42, at 43-44, 688 S.W.2d 944, 945 (1985). The desire for success should never induce him or her to endeavor to obtain a conviction by arguments except those that are based on the evidence in the case. Id.
Finally, the timing of the revelation is important. See Honey v. State , 2018 Ark. App. 217, 547 S.W.3d 483. The comment by the prosecutor came at the very end of the trial and was the very last thing the jury heard from the witness stand before retiring to deliberate. While the court admonished the jury to disregard the remark, the last thing the jury heard was a highly misleading comment by the prosecutor. Our supreme court has on many occasions held that when prejudicial and inflammatory remarks of a State's witness or the prosecutor rise to the level of prejudice, an admonition to the jury to disregard the remarks will not suffice, and a new trial must be granted or the sentence reduced. White v. State , 298 Ark. 163, 170, 765 S.W.2d 949, 953 (1989) ; Dandridge v. State , 292 Ark. 40, 727 S.W.2d 851 (1987) ; Meadows v. State , 291 Ark. 105, 722 S.W.2d 584 (1987). We cannot say with any degree of certainty that the error here was not prejudicial to Hall. Given the timing and the misleading nature of the prosecutor's comments, a cautionary instruction in this instance was insufficient.
Reversed and remanded.
Gruber, C.J., and Brown, J., agree.

His name is also noted as "Neil Allen Hall" in the record.

The State argues that the court did not err in denying the request for a mistrial because the question asked by the prosecutor was not improper and was admissible under Rule 404(b). The court's admissibility decision is not the issue on appeal. The only issue on appeal is the denial of the mistrial.