WALTER EUGENE KING *v.* STATE OF ARKANSAS

5761                                    487 S.W. 2d 596

Opinion delivered December 11, 1972

*Genn, Genn & Genn,* for appellant.

*Ray Thornton,* Atty. Gen., by: *James A. Neal,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of first degree rape and the jury assessed his punishment at life imprisonment in the state penitentiary. From the judgment on that verdict and the revocation of a 12-year suspended sentence to be served consecutively with the life sentence, the appellant brings this appeal.

Appellant first contends for reversal that the trial court erred in denying his "motions to suppress evidence of testimony emanating from the lineup and identification made of him***in violation of his" constitutional rights and his "privilege against self-incrimination and his rights to counsel." Under these mutiple contentions, appellant first makes the argument that he was not represented effectively by counsel at the lineup procedure because the appellant "did not have present active counsel in an attorney-client relationship." Preceding the lineup, appellant's relatives were negotiating with a local attorney about defending the appellant. This attorney was never actually retained nor did he ever talk with the appellant. However, upon being advised of the scheduled lineup, this attorney, feeling "morally bound to protect the record from the beginning," appeared at the lineup and successfully made certain objections and requests on behalf of the appellant with respect to the lineup. In these circumstances we find no violation of appellant's constitutional rights. *Parrott* v. *State*, 246 Ark. 672, 439 S.W. 2d 924 (1969). Furthermore, a person's right to counsel at a lineup procedure attaches only when adversary judicial proceedings are initiated against him. *Kirby* v. *Illinois*, 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411. In the case at bar the appellant was charged by an information after the assertedly unconstitutional lineup procedure; therefore, since the lineup procedure, following appellant's arrest, preceded appellant's being formally charged with any criminal offense, the proceeding was not "a criminal prosecution" at which he had a constitutional right to be represented by counsel. *Kirby* v. *Illinois, supra.* However, it is there recognized that the Due Process Clause of the Fifth and Fourteenth Amendments prohibits any lineup that is "unnecessarily suggestive and conducive to irreparable mistaken identification." Such is not demonstrated in the case at bar. As to appellant's contention about self-incrimination, suffice it to say that the mere appearance in a lineup is not a violation of the constitutional safeguard against compulsory self-incrimination. *Kirby* v. *Illinois, supra.*

Appellant's next objection to the identification procedure is with respect to Ann Jacobs, a state witness. About two weeks before the presently alleged offense, she was the victim of a rapist. She could not identify her assailant from a police mug book. Later she was offered a series of seven photographs which included two of the appellant. The pictures were marked and shuffled. As she examined the photographs she laid aside the two of the appellant and identified him as her assailant. It is appellant's argument that this procedure was impermissibly suggestive and conducive to a mistaken identity and, therefore, prejudicial. We disagree. The witness was not advised there were two pictures of the appellant among the photographs. His pictures were not in sequence in the stack. When she saw the first picture of appellant, she said "[T]his is the man." Thereafter, at the lineup she identified the appellant as her assailant. Also, this witness made an in-court identification of the appellant based upon her independent observation at the time of the offense committed against her. In *Simmons* v. *United States*, 390 U.S. 377, 88 S.Ct. 967 (1968), 19 L.Ed. 2d 1247, it was said "...that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." See, also, *United States* v. *Cook*, 334 F. Supp. 771 (E. D. Ark. 1971) and *Dorsey* v. *State*, 485 S.W. 2d 569 (Tex. 1972). In the case at bar we are of the view that the pretrial photographic identification was not impermissibly suggestive and did not taint the in-court identification of the appellant.

Appellant next cites "another incident as adding to the cumulative prejudicial effect of the identification procedure***the parading of the appellant wearing handcuffs in front of the witness (prosecutrix), Ova Abbott, immediately prior to the lineup." When the prosecutrix, with relatives, was sitting in the sheriff's office, appellant was brought through the office handcuffed as he

was being conducted to and placed in the lineup with several other individuals in another room. There is no evidence this incident and the momentary observation and recognition by the prosecutrix was anything other than co-incidental. Nothing was said or done by anyone to unduly direct any attention toward the appellant as being the assailant. Suspects are often observed in various places and circumstances previous to actual in-court identification. *United States v. Hardy*, 448 F. 2d 423 (3rd Cir. 1971), *United States v. Jackson*, 448 F. 2d 963 (9th Cir. 1971), *United States v. Famulari*, 447 F. 2d 1377 (2d Cir. 1971). Such confrontations are said not to taint or destroy the witness' subsequent in-court identification. In the case at bar, we do not consider this chance encounter as being prejudicial to the appellant who was subsequently identified by the prosecutrix in the lineup and definitely identified by her at the trial as being her attacker.

The appellant's final asserted error as to the identification procedure is that the prosecutrix, Mrs. Abbott, and another witness and rape victim, Mrs. Jacobs, were left alone in a room for a few minutes before the lineup identification procedure at which time they had the opportunity to discuss and compare experiences. Appellant contends that this situation could result in an irreparable mistaken identity and, therefore, is prejudicial. Although this procedure is not to be recommended, we find no evidence that any prejudicial error was demonstrated in the record. Their conversation, of short duration, was to the effect that a knife was used upon Mrs. Jacobs and a gun was used in the attack upon Mrs. Abbott. Mrs. Jacobs inquired as to whether or not Mrs. Abbott had been shown the station wagon. This was the extent of the conversation before they were interrupted by a police official and told not to discuss the case. Thereafter, each witness separately viewed the lineup in another room and individually identified the appellant.

Finally, the appellant contends that "the court erred in allowing the testimony of Ann Jacobs as to rape committed upon her under similar circumstances." We

cannot agree with this contention. The witness, Ann Jacobs, was raped approximately two weeks before the prosecutrix, Mrs. Abbott, was attacked. Her testimony revealed that the circumstances of the two assaults were almost identical. Both victims, when driving alone, were stopped at night by a man driving a light colored station wagon. Both stopped as their assailant approached from the rear blinking his lights. Both were engaged in conversation by being told the tail lights on their respective cars were not working properly. Each victim, during this conversation, was forced into the assailant's car, threatened with a weapon, driven to another place, raped, and then driven back to their own car and released. Before raping each victim, the assailant subjected each to sexual indignities. "When the issue is one of identity, proof of other similar conduct by the defendant may be admissible to establish a modus operandi on his part." *Montgomery* v. *State,* 251 Ark. 645, 473 S.W. 2d 885 (1971). See, also, *Tarkington* v. *State,* 250 Ark. 972, 469 S.W. 2d 93 (1971). In the case at bar the appellant offered testimony in an attempt to prove his absence from the scene of the alleged crime. His identity was a vital issue. In the circumstances, we think that Mrs. Jacob's testimony was relevant and admissible. Her testimony was offered only for identification purposes. Also, the jury was admonished at the time it was offered and by an instruction that the sole purpose of admitting the testimony was for their consideration with respect to the identity of the accused. The credibility and weight of the testimony was for the jury to consider.

Affirmed.