Cecil WALTERS *v.* STATE of Arkansas

CR 79-104                                    587 S.W. 2d 831

Opinion delivered October 15, 1979

*John W. Achor,* Public Defender, by: *Jeffrey Rosenzweig,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Following our reversal in *Walters* v. *State,* an unpublished opinion dated February 27, 1978, a jury convicted appellant of assault with intent to kill and robbery with the use of a firearm. He was sentenced to twenty-one years on the assault charge, twenty-one years on the robbery charge, and fifteen years for having employed a firearm in the commission of a felony. Appellant's sole ground for reversal is that the trial court erred in holding that the in-court identification of him was not tainted by an impermissibly conducted lineup.

He argues that the lineup procedure was tainted because his sixth amendment right to counsel was denied. Before the lineup and after the appellant had been advised of his rights, he requested that a named attorney be present at the lineup. Appellant was unable to locate the attorney, and the officers offered to contact an attorney with the public defenders office. Appellant refused the offer. The lineup was delayed a half hour past the scheduled time and then conducted without appellant's requested attorney being present.

We have held that the accused has no per se right to counsel at a lineup which is conducted prior to the initiation of adversarial judicial proceedings against him. *King* v. *State,* 253 Ark. 614, 487 S.W.2d 596 (1972). There, as in this case,

the lineup followed appellant's arrest and preceded the filing of formal charges against him. We held that the lineup was not a "criminal prosecution" at which appellant was constitutionally entitled to assistance of counsel, citing *Kirby* v. *Illinois,* 406 U.S. 682 (1972). Here, the lineup was conducted nearly two weeks prior to the filing of a felony information against the appellant. Clearly, the fact that appellant was without counsel at the lineup did not render it impermissibly conducted or tainted.

Neither do we agree that the lineup procedure was impermissibly suggestive. It is well established that we must consider the "totality of circumstances" to determine whether a lineup was conducted in such a manner that there was "a very substantial likelihood of irreparable misidentification." *Neil* v. *Biggers,* 409 U.S. 188 (1972), citing *Simmons* v. *United States,* 390 U.S. 377 (1968). See also *Pollard* v. *State,* 258 Ark. 512, 527 S.W.2d 627 (1975); and *Hinton* v. *State,* 260 Ark. 42, 537 S.W.2d 800 (1976).

Here the six-man lineup was conducted the day following the appellant's arrest and approximately three weeks after the 1973 robbery. Appellant asserts that a photograph of the lineup reveals that he was the shortest person. It appears he was about two inches shorter than the tallest one. At the trial, however, one of the detectives testified that the apparent discrepancy was partially due to the angle from which the photograph was taken. The detective stated that one of the men in the lineup was approximately the same height as the appellant but noted that "it appears in the photograph" that appellant was the shortest. Even so, there is no evidence to indicate that any of the three victim-employees, who identified him, were uncertain in their identification of the appellant. Even if there was some height variation among the participants in the lineup, and even if the appellant was the shortest, there is no evidence that he was identified due to this discrepancy.

Appellant specifically questions the reliability of the identification at the lineup by a witness who later identified him at trial. It is true that prior to the lineup, the witness viewed "mug shots" or photographs of a number of in-

dividuals, some of whom appeared in the lineup. She could not remember if she identified a photograph of appellant. She further testified at the suppression hearing that she was an employee-victim of the robbery, was able to get a "good look" at the appellant, recognized the appellant because she "remembered his facial features," and could also identify him independent of the lineup. The officers did not attempt to influence her thinking or focus the lineup procedure on any particular individual. In short, the record reflects that the witness was able to positively identify the appellant. We cannot agree with the appellant's contention that the lineup was impermissibly conducted or suggestive. We affirm the holding of the trial court that the identification of appellant was not tainted by an impermissibly conducted lineup.

Affirmed.