Clarence McCLENDON *v.* STATE of Arkansas

CR 87-147                                          748 S.W.2d 641

Supreme Court of Arkansas
Opinion delivered May 2, 1988
[Rehearing denied May 31, 1988.]

*Charles L. Carpenter, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted of one count of capital murder and one count of aggravated robbery. He was sentenced to life imprisonment without parole for capital murder and life imprisonment for aggravated robbery. The trial court withheld execution of the sentence for aggravated robbery unless the capital murder conviction was set aside. On appeal the appellant argues the following four points for reversal: (1) the trial court committed error by allowing an in-court identification of the appellant; (2) the trial court committed error by failing to grant a directed verdict on both charges; (3) the capital murder statute was unconstitutionally applied in the appellant's case; and (4) the trial court committed error by failing to dismiss the aggravated robbery conviction.

For reasons stated below we affirm the judgment of the trial court as modified to set aside the conviction for aggravated

robbery.

On April 13, 1986, at approximately 10:00 p.m., two armed men wearing masks entered the premises of a store on Confederate Boulevard in Little Rock. The owner of the store, who was shot shortly after the men entered, died a few days later. A clerk at the store testified that he had seen and talked to the appellant at the store twice on that same day. At approximately 10:00 p.m. when the clerk was leaving, he saw the appellant outside the store putting a stocking over his head. He also testified that the appellant had a gun in his trousers at that time. The clerk struggled with the appellant and an accomplice and then escaped and hid underneath a truck. When he re-entered the store a few minutes later he discovered that the owner had been shot in the head. He then took the owner to the hospital. The clerk also testified that four or five hundred dollars from the victim's front pocket and his billfold were missing. On April 21, 1986, the clerk identified the appellant in a police lineup. The state filed formal charges against the appellant on June 10, 1986.

The appellant argues that the in-court identification was improper because he was entitled to have counsel present at the police lineup conducted on April 21, 1986. The right to counsel of the Sixth Amendment, applicable to the states through the Fourteenth Amendment, operates to assure that the accused's right to a fair trial is protected. The United States Supreme Court has held that the accused's right to counsel attaches only to corporeal identifications conducted at or after the initiation of adversary criminal proceedings, whether by way of formal charge, preliminary hearing, indictment, information or arraignment. See *Moore* v. *Illinois*, 434 U.S. 220 (1977).

This court has had the opportunity to consider this same issue on several occasions. See *Walters* v. *State*, 266 Ark. 699, 587 S.W.2d 831 (1979); and *Lewis* v. *State*, 281 Ark. 217, 663 S.W.2d 177 (1984). In each of these cases, as in the situation before us, the defendant participated in a lineup before formal charges had been filed. In each case we held that the accused was not entitled to the presence of counsel because adversary proceedings had not been initiated.

In the present case the appellant argues that we should hold that "criminal proceedings" had been initiated despite the

fact that no formal charges were filed until approximately two months after the lineup. This we cannot do. To do so would amount to overruling a line of cases based upon the decision of the United States Supreme Court on the same issue. Since no formal charges had been filed against the defendant we hold that the defendant was not entitled to counsel at his identification lineup.

■ The appellant also argues that the lineup conducted on April 21, 1986, was unduly suggestive. After careful consideration of the record we find nothing to indicate that the lineup violated the defendant's due process rights by being unduly suggestive. From the facts presented, there is substantial evidence to conclude that the in-court identification was not "tainted" by the identification in the lineup. The eyewitness' opportunity to observe the appellant was great and his testimony was clear and unequivocal.

The appellant's second point for reversal is that the trial court should have granted a directed verdict on both the aggravated robbery charge and the capital murder charge. He argues that there is insufficient evidence to support the conviction of capital felony murder or aggravated robbery.

■ In the present case there was testimony that the appellant was seen at the store several times on the day in question asking about the owner. At the time the employee left the store he observed the appellant with a gun and in the process of pulling a stocking over his head. Additionally, the store owner's billfold and approximately four or five hundred dollars which the owner had in his front pocket shortly before the shooting were missing. Unlike *Trotter* v. *State*, 290 Ark. 269, 719 S.W.2d 268 (1986), which is relied upon by the appellant, there is substantial corroborating evidence from which a jury could find that the shooting occurred during the course of a robbery.

■ The appellant's third point for reversal is that the capital murder statute was unconstitutionally applied. In support of this the appellant asserts that the underlying felony, aggravated robbery, is not one of the seven felonies that can support a charge of capital felony murder. This argument has been raised before. In *Simpson* v. *State*, 274 Ark. 188, 623 S.W.2d 200 (1981), we held that the General Assembly could not conceivably have intended that robbery, which may involve no force, would

support a charge of capital murder, while aggravated robbery, an inherently dangerous crime, would not. Aggravated robbery is still a robbery.

McClendon also contends that the first degree murder statute and the capital murder statute are unconstitutionally vague and overlap in such a way that he may be charged with either crime for the same conduct. This argument has also been raised before and we have decided that there is no constitutional infirmity in these statutes. *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981).

However, we do find that appellant's final argument has merit. He insists the trial court should not have entered a judgment on his conviction for aggravated robbery. We agree. Aggravated robbery in this case was the underlying felony relied upon by the state to establish the crime of capital murder. The robbery was an essential element of the crime of capital murder. Therefore the appellant could not have been sentenced for aggravated robbery in this case. *Cozzaglio* v. *State*, 289 Ark. 33, 709 S.W.2d 70 (1986).

Having no authority to do so, the trial court should not have sentenced the appellant for aggravated robbery. The sentence for aggravated robbery therefore should be set aside.

Accordingly the capital felony murder conviction of the appellant is affirmed and the aggravated robbery conviction is reversed and the case is remanded to the trial court with directions to vacate the sentence and dismiss the charge of aggravated robbery.

Affirmed in part; reversed and remanded in part.