Bruce MILHOLLAND *v.* STATE of Arkansas

CR 94-605                                      893 S.W.2d 327

Supreme Court of Arkansas
Opinion delivered February 20, 1995
[Rehearing denied March 27, 1995.]

*James B. Bennett*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., and *Brenda Stewart*, Rule XV Law Student, for appellee.

ANDREE LAYTON ROAF, Justice. This appeal is from a rape conviction and raises only one issue for review: the reliability of the identification of the appellant by the victim. We find no merit to the argument and affirm.

Appellant, Bruce Milholland, was charged with the rape of

a 12 year old boy. The victim testified his attacker had taken him into some woods near a baseball park, forced him to perform oral sex, and threatened to kill him if he told anyone. The boy told his parents, and for the next two months they worked with police trying to find the attacker. The boy had given a detailed description to his father, who made a sketch from that description. The boy also viewed over 200 mug shots with the police, and accompanied his father on several occasions to view possible suspects his father had located. The victim was certain that none of those he saw was his attacker.

Two months after the attack, the father saw appellant outside an auto parts store and thought he matched his son's description. He left, picked up his wife and son, and drove back to the store. The boy identified appellant from their car. A policeman came on the scene and all four went into the store to view appellant. The victim identified appellant positively at that time and appellant was arrested. A police lineup was held a few hours later and appellant was again identified by the boy as the attacker.

Appellant filed a suppression motion, claiming the identification at the auto parts store was unreliable because the father had coerced his son into making the identification. He also argued the subsequent lineup should be suppressed. The trial court disagreed and denied the motion. Appellant was found guilty and sentenced to 40 years. Appellant appeals from that judgment.

Appellant argues it was error for the trial court to refuse to suppress testimony concerning the victim's out-of-court identifications. He makes four points in support of this argument: 1) the victim's out-of-court identification should have been suppressed based on its unreliability; 2) appellant was not represented by counsel at the police lineup; 3) there was an impermissible delay in taking appellant before a magistrate; and 4) The arrest was unlawful.

1. *The victim's identification was unreliable*: the appellant argued below that the identification in the auto parts store was suggestive, made under coercion from the victim's father and was otherwise unreliable. The trial court found there was no state action in the father's conduct, and, therefore, appellant was not entitled to due process guarantees prohibiting suggestive or otherwise tainted pre-trial identifications. The trial court further

found that even if there were problems with the procedures, the testimony was admissible if the identification was otherwise reliable. The trial court reviewed the evidence and found it was.

Appellant does not argue the point on state action but contends that reliability is the linchpin for determining admissibility of an identification and reliability in this case was lacking.

It is for the trial court to determine if there are sufficient aspects of reliability present in an identification to permit its use as evidence. It is then for the jury to decide what weight that identification testimony should be given. *Bishop* v. *State*, 310 Ark. 479, 839 S.W.2d 6 (1992). We do not reverse a trial court's ruling on the admissibility of an identification unless it is clearly erroneous. We do not inject ourselves into the process of determining reliability unless there is a very substantial likelihood of irreparable misidentification. *Id.* Matters of credibility and conflicts in testimony are for the trial court and those decisions will not be disturbed on appeal.

The factors we look at when considering the reliability of an identification are stated in *Hays* v. *State*, 311 Ark. 645, 846 S.W.2d 182 (1993). Those factors include and the evidence in this case provides:

(1) *Opportunity to view the suspect*: the victim testified the sun was starting to set at the time of the attack and he had at least 30 minutes to view his attacker. The trial court found, and we agree, that this was ample opportunity for the victim to view his attacker given the nature of the crime. The victim also testified he had previously seen appellant at a video store and had played pool with him. Previous viewings of the perpetrator, apart from observation during the offense involved, are considered independent recognitions and will strengthen a subsequent identification. *Robinson* v. *State*, 317 Ark. 17, 875 S.W.2d 837 (1994). (2) *Accuracy of the description*: the boy's description of appellant on the day of the attack was corroborated by a witness who had seen appellant the same day. (3) *Prior misidentification*: the victim had viewed over 200 mug shots and had viewed several suspects during the two months before appellant's arrest, yet he dismissed all of them with no difficulty, as not being the prepetrator. (4) *Level of certainty demonstrated at confrontation*: the victim's testimony was one of certainty in his identification. He

testified at trial with regard to his identification of appellant at the store:

> [When] I heard his voice, I knew it was his voice. I knew it was him and I said "yes." He was wearing the boots he wore the same night that it happened . . . I knew it from his face and his voice and the boots.

> Dad asked me twice whether that was him. He asked me once and he was looking down and that's when I said, "Wait a minute" so I could be positively sure it was him. And then he looked up and spoke and I knew it was him right then.

(5) *Failure of witness to identify the defendant on a prior occasion*: there was no failure by the victim to identify appellant on an earlier occasion. (6) *Lapse of time between alleged act and the identification*: there was a lapse of about two months between the offense and the identification. During that time the victim viewed and eliminated many suspects before he identified appellant. Given the certainty of the victim's identification in that context, the nature of the crime and the close contact between the victim and the perpetrator, this time period was of limited significance.

The totality of the circumstances supports the reliability of the victim's identification and we cannot say the trial court's ruling was clearly erroneous on this point.

2. *Appellant was not represented by counsel at the police lineup*: appellant correctly states that a physical lineup after the initiation of adversarial proceedings is a critical stage of the proceedings and the accused is entitled to have counsel present. *United States* v. *Wade*, 388 U.S. 218 (1967). He then argues he was not represented by counsel at the police lineup and therefore the results of that lineup should have been suppressed. We do not agree.

While an attorney's presence is constitutionally required at a lineup conducted after adversarial proceedings have been initiated, an adversarial proceeding is one where *formal* or *judicial* proceedings have been initiated. When there has been only an arrest and the information or indictment has not been filed, formal proceedings have not begun and no right to coun-

sel attaches. *King* v. *State*, 253 Ark. 614, 487 S.W.2d 596 (1972); *Walters* v. *State*, 266 Ark. 699, 587 S.W.2d 831 (1979); *McClendon* v. *State*, 295 Ark. 303,748 S.W.2d 641 (1988). Here, at the time of the lineup and arrest on February 7, 1992, no formal charges had been filed. Appellant's right to counsel had therefore not attached, and there is no merit to the argument.

3. *Appellant was not taken before a magistrate without delay*: the victim's identification of appellant at the auto parts store occurred in the middle of the afternoon of February 7, 1992. The lineup at the police station occurred a couple of hours later and appellant was interviewed at 8:00 p.m. that same evening. He was taken before a magistrate the next day.

Appellant argues that because he was not taken *immediately* before a magistrate as required by Ark. R. Crim. P. 8.1, (at which time counsel would have been appointed for the defendant), he was effectively denied his right to counsel at the lineup.

This argument is too speculative and is not supported by any reasonable argument or authority, and we dismiss it on that basis. *Robinson* v. *State, supra.*

4. *Appellant's arrest was unlawful*: appellant argues his arrest on February 7, 1992, was illegal and his identification as a result of that arrest should have been suppressed. He claims the arrest was illegal because it was not made with probable cause. His only basis for this claim is his contention that the victim had not identified appellant by the time he was arrested at 3:00 the afternoon of February 7th.

That claim, however, is not supported by the facts in the record. The victim's father testified his son had first identified appellant when he initially saw him outside the auto parts store. When they went into the store, the boy identified him again. Appellant does not dispute that this is sufficient to support probable cause for arrest, but suggests there was some dispute in the testimony as to whether the victim identified appellant at that time. However, any conflict in the testimony is for the factfinder to resolve. *Sanders* v. *State*, 217 Ark. 328, 878 S.W.2d 391 (1994). In this case, the trial court resolved any conflict in the testimony in favor of finding there had been an identification.

Affirmed.