
# SUPREME COURT OF ARKANSAS
No. CR–17–230

| | |
|---|---|
| WALLACE A. GARDNER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** August 3, 2017<br><br>PRO SE APPELLANT'S MOTIONS FOR EXTENSION OF BRIEF TIME AND FOR ORDER FOR CIRCUIT CLERK TO PROVIDE DOCUMENTS TO APPELLANT [PULASKI COUNTY CIRCUIT COURT, NO. 60CR–04–1077]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br><u>APPEAL DISMISSED; MOTIONS MOOT</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellant Wallace Gardner has lodged an appeal from the trial court's order denying his pro se petition pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016) to correct a sentence imposed on him in 2004. Gardner alleged in his petition that his sentence was illegal. Section 16-90-111(a) allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. Gardner's motions are now before us seeking an extension of brief time and an order directed to the trial court's clerk to provide him with certain documents. We dismiss the appeal as it is clear from the record that Gardner could not prevail. An appeal from an order that denied a petition for postconviction relief, including a petition filed under either section 16-90-111 or under Arkansas Rule of Criminal Procedure 37.1 (2016), will not be permitted to go forward

where it is clear that there is no merit to the appeal. *See Justus v. State*, 2012 Ark. 91. The motions filed by appellant are rendered moot by the dismissal of the appeal.

Gardner argued that his sentence was illegal because he was found guilty in 2004 of capital murder with aggravated robbery as the underlying felony, and the capital-murder statute, Arkansas Code Annotated section 5-10-101 (Repl. 1997), did not enumerate aggravated robbery as an underlying offense to capital murder at the time he committed the offenses. He also argued that it was an ex post facto application of Act 827 of 2007 for him to be convicted of capital murder with aggravated robbery as an underlying offense because the Act added "aggravated robbery" to the enumerated list of underlying felonies to capital murder after he had committed the offenses and been convicted.

While the time limitations on filing a petition under section 16-90-111(a)(b)(1) alleging that the sentence was imposed in an illegal manner were superseded by Rule 37.2(c), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Id*. For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on Gardner had indeed been illegal. *Id*. However, the trial court denied the relief sought because the petition was not timely filed under Rule 37.2. Despite this, we will affirm when the trial court's decision is correct, albeit for the wrong reason. *Dandridge v. State*, 292 Ark. 40, 42, 727 S.W.2d 851, 852 (1987).

We have addressed the sentencing claim raised by Gardner in prior cases and held that a trial court has specific authority to sentence a defendant for the underlying felony supporting a capital-murder charge, as well as the felony of capital murder itself, even if the

SLIP OPINION

statute listed "robbery" rather than "aggravated robbery" as an underlying offense. *Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995); *McClendon v. State*, 295 Ark. 303, 748 S.W.2d 641 (1988). Even if aggravated robbery was not specifically enumerated by statute at the time the offenses were committed, this court has held that aggravated robbery will support a charge of capital murder. *See Nooner*, 322 Ark. 87, 907 S.W.2d 677; *Simpson v. State*, 274 Ark. 188, 193, 623 S.W.2d 200, 203 (1981) ("The General Assembly could not conceivably have intended that robbery, which may involve no force, would support a charge of capital murder, while aggravated robbery, an inherently dangerous crime, would not."). With respect to Act 827 of 2007, the fact that the statute was changed to include aggravated robbery as an underlying felony after Gardner was convicted does not alter our reasoning under the precedent cited above.

We need not discuss any other claims that Gardner raised because those allegations could have been raised at trial, on direct appeal, or in a timely petition for postconviction relief under Rule 37.1. Rule 37.2(c) requires that, when an appeal was taken from the judgment of conviction, a petition under the Rule must be filed in the trial court within sixty days of the date the mandate is issued by the appellate court. Ark. R. Crim. P. 37.2(c)(ii); *see State v. Harrison*, 2012 Ark. 198, 404 S.W.3d 830. The time requirements are mandatory, and when a petition under Rule 37.1 is not timely filed, a trial court shall not consider the merits of the petition and grant postconviction relief. *See Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989). The mandate on direct appeal in Gardner's case was issued in 2006. He filed his petition in 2016. His additional claims were not timely raised under the Rule.



Appeal dismissed; motions moot.

*Wallace A. Gardner*, pro se appellant.

One brief only.