Cite as 2020 Ark. 288

# SUPREME COURT OF ARKANSAS
No. CR-19-563

| | | |
|---|---|---|
| CARL D. PRINCE | | Opinion Delivered: September 24, 2020 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE |
| V. | | SEBASTIAN COUNTY CIRCUIT |
| | | COURT, FORT SMITH DISTRICT |
| STATE OF ARKANSAS | | [NO. 66FCR-89-187] |
| | APPELLEE | |
| | | HONORABLE J. MICHAEL FITZHUGH, |
| | | JUDGE |
| | | |
| | | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Carl D. Prince filed a pro se motion to correct an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016). The trial court concluded that res judicata barred his requested relief and denied the motion. We affirm because the type of claim Prince makes is untimely.

Prince's motion challenged his 1990 judgment that reflects his convictions for burglary and theft of property, with forty- and thirty-year sentences of imprisonment, respectively. He challenged the division of the thirty-year sentence for the theft-of-property conviction. The judgment reflects that fifteen years of his thirty-year sentence were concurrent with the forty-year sentence on the burglary conviction, and the other fifteen-year sentence was consecutive to it. Prince argued in his motion and reasserts on appeal that making the thirty-year sentence part consecutive and part concurrent was illegal. In

denying relief, the trial court noted that Prince had previously raised the same claim four times without success and that res judicata barred relief. On appeal, Prince asserts that res judicata did not apply and that his sentence is illegal. Although he characterizes his claim as one alleging a facially invalid sentence, it is not, and we therefore affirm.[1]

Section 16-90-111 gives the trial court the authority to correct a facially illegal sentence at any time. Ark. Code Ann. § 16-90-111(a); *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288. However, a petition alleging an illegally imposed sentence must be filed within the time requirements of Arkansas Rule of Criminal Procedure 37.2 (2019). Under Rule 37.2(c), if a defendant appealed his judgment of conviction, then he must file his postconviction petition claiming that the court imposed his sentence in an illegal manner within sixty days of the date the appellate court issued the mandate. *Id.*; Ark. R. Crim. P. 37.2(c).

Prince previously appealed his original conviction, which this court affirmed. *Prince v. State*, 304 Ark. 692, 805 S.W.2d 46 (1991). His subsequent Rule 37 petition was denied as untimely. *Prince v. State*, 315 Ark. 492, 868 S.W.2d 77 (1994). Prince's current motion alleges his sentence has been imposed illegally. Prince does not allege that his sentence was beyond the maximum prescribed by law or is illegal on its face, and therefore, section 16-

---

[1]The State seeks dismissal of the appeal because it contends Prince is not currently serving the sentence that he challenges. From an earlier case, evidence shows that while on parole, Prince absconded before finishing his term. *Prince v. State*, 2018 Ark. 190. However, the record before us does not reflect which sentence Prince is currently serving.

90-111 does not apply. Under Rule 37.2(c), the current motion was untimely. *Fritts v. State*, 298 Ark. 533, 768 S.W.2d 541 (1989) (concluding that a single sentencing term split as consecutive and concurrent was not illegal on its face). Therefore, we affirm.[2]

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. Prince's "split" sentence is unauthorized and illegal under Arkansas law. Ark. Code Ann. § 5-4-104. An illegal sentence may be corrected at any time. Ark. Code Ann. § 16-90-111(a); *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288. However, according to the majority, the time limitations for filing a petition under section 16-90-111(a)(b)(1) alleging that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c). Under Rule 37.2, if the judgment was appealed, then the petition had to be filed within sixty days of the date that the mandate was issued by the appellate court. Ark. R. Crim. P. 37.2(c) (1991). The majority then cites *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54, for the proposition that when the timing of a petition under the statute falls outside the time limitations to correct a sentence imposed in an illegal manner, any valid claim must allege facts sufficient to support the petitioner's allegation of an illegal sentence. But in this situation, what necessary fact has Prince failed to allege? The majority identifies no such

---

[2]We will affirm a trial court even if its reasoning differs. *See Gardner v. State*, 2017 Ark. 230.

failure in its opinion. Put simply, split sentences are not allowed in Arkansas. Prince's sentence is illegal, and it should be corrected. For that reason, I dissent.

*Carl D. Prince*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.