Cite as 2021 Ark. 24

# SUPREME COURT OF ARKANSAS
No. CR-20-419

| | | |
|---|---|---|
| TERRANCE MANUEL | | Opinion Delivered: February 11, 2021 |
| | APPELLANT | PRO SE APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. 54CR-99-151] |
| V. | | |
| | | HONORABLE E. DION WILSON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED. |

**ROBIN F. WYNNE, Associate Justice**

Terrance Manuel appeals from the denial of his pro se motion to enforce his plea agreement. Manuel alleged that the court imposed a sentence that was not included in his agreement to plead guilty in that the forty-year sentences for two counts of first-degree murder were split with thirty-five years imposed concurrently and the remaining five years imposed consecutively, which resulted in an additional five years of incarceration. According to Manuel, he had agreed to concurrent sentences of forty years' imprisonment without the additional five years' imprisonment. Manuel's motion to enforce the plea agreement represents an untimely postconviction petition and, as a result, his notice of appeal is untimely. We dismiss the appeal for lack of jurisdiction.

I. *Background*

Manuel was charged with two counts of capital murder and two counts of aggravated robbery in the deaths of Kevin Kinsey and Tracy Fuller, which occurred during the course of a

robbery. In exchange for Manuel's guilty plea, the prosecutor dismissed the two counts of aggravated robbery and reduced the two counts of capital murder to first-degree murder. In September 2000, Manuel appeared before the court and pleaded guilty. The sentencing order reflected that Manuel was sentenced to an aggregate term of 540 months' imprisonment, or forty-five years' imprisonment.

## II. *Motion for Clarification and Notice of Appeal*

Manuel's motion to enforce the plea agreement raised one issue: the sentence he received was not the sentence that had been promised and included in the plea agreement.[1] The circuit court denied Manuel's motion to enforce the plea agreement on March 24, 2020. On April 6, the circuit court entered an order summarily denying a "motion for clarification" that Manuel had filed. Manuel filed his notice of appeal on April 30. The motion for clarification denied by the circuit court is not in the record before this court.

In its responsive brief, the State argues that because the record does not contain the motion for clarification, the notice of appeal is untimely; therefore, this court does not have jurisdiction in this appeal. In order to dispose of this issue, we must address the underlying motion to enforce the plea agreement.

## III. *Motion to Enforce Plea Agreement*

In his motion to enforce the plea agreement, Manuel does not challenge the legality of his sentence but instead challenges the manner in which the sentence was imposed. A petition

---

[1]The plea-hearing transcript was included in the record, and it demonstrates that the circuit court made Manuel aware that his sentence would include an additional five years of imprisonment, and Manuel indicated that he understood and made no objection.

alleging that a sentence was illegally imposed must be filed within the time requirements of Arkansas Rule of Criminal Procedure 37.2 (2019). *Prince v. State*, 2020 Ark. 288. Under Rule 37.2(c), if a conviction was obtained by a guilty plea, a petitioner must file his postconviction petition within ninety days of the date of entry of the judgment. Here, Manuel's judgment of conviction was entered by the circuit court on October 4, 2000. Manuel's claim should have been filed with the circuit court under Rule 37.1 and was subject to the provisions of that rule. *Barnett v. State*, 2020 Ark. 181, 598 S.W.3d 835. The time limitations imposed in Rule 37.2(c) are mandatory, and the circuit court may not grant relief on an untimely petition. *Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346. Manuel's motion is untimely under Rule 37.2(c), and he was not entitled to relief under the Rule. *Id.*

Pursuant to Rule 37.2(d), a decision of the circuit court in a postconviction petition is final, and no petition for rehearing shall be considered. A motion for rehearing or reconsideration would not toll the time within which to file a notice of appeal. Under Arkansas Rule of Appellate Procedure–Criminal 2(a)(4) (2019), those who seek to appeal an order denying postconviction relief must file a notice of appeal within thirty days of the date of the order denying relief. Manuel failed to file his notice of appeal within thirty days following the denial of his motion for postconviction relief. This court has recognized a narrow exception to the prohibition of motions for rehearing under Rule 37.2(d), and that is a request for a ruling on an omitted issue. *Brown v. State*, 2017 Ark. 364. When an appellant has made such a valid and timely request for a ruling on an omitted issue, the time for filing the notice of appeal is extended in a manner similar to the extension allowed for filing a notice of appeal after a posttrial motion.

*Wade v. State*, 2014 Ark. 492 (per curiam). This exception is narrowly construed and is limited to only those situations in which the circuit court is specifically asked to rule on an unresolved issue. *Id.*

Here, Manuel's motion for clarification and the relief he requested therein is not in the record, only the order that denied it. The burden is on the party asserting error to bring up a sufficient record on which to grant relief. *Warren v. Felts*, 2017 Ark. 237. We will not consider the motion for clarification because it is not in the record. In sum, Manuel's initial motion to enforce the plea agreement and his notice of appeal were both untimely, and neither the circuit court nor this court has authority to grant the relief sought or to review the appeal from the denial of the motion to enforce the plea agreement.

Appeal dismissed.

WEBB, J., dissents.

**BARBARA W. WEBB, Justice, dissenting.** I dissent. The fact that Mr. Manuel's posttrial motion is not in the record cannot be blamed on Mr. Manuel. The circuit clerk of Phillips County prepared the record––not Mr. Manuel. *See* Ark. Sup. Ct. R. 3-1. In fact, as required, the circuit clerk included the following certification in the record:

I, Lynn Stillwell, Clerk of the Circuit Court and Ex-Officio Recorder for the within County and State aforesaid, do hereby certify that the annexed and foregoing 172 pages of typewritten matter contain a true and complete transcript of the file in case number 54CR- 1999- 151, State of Arkansas vs. Terrance Manuel in the Circuit Court of said County, the cause therein stated.

It is certain that Mr. Manuel filed a posttrial motion because the circuit court ruled on it. However, it does not appear in the index that the circuit clerk prepared, and there is no break in the sequential number of the pages in the record. The question therefore is, what happened to the motion that Mr. Manuel filed?

The majority's reliance on *Warren v. Felts*, 2017 Ark. 237, is misplaced. In *Warren* the appellant lost his appeal *on the merits* because he failed to meet his evidentiary burden in his circuit court filings. In the case before us, disposition of Mr. Manuel's appeal hinges on the content of a motion that was unquestionably filed with the circuit court. Mr. Manuel met his burden to file the motion, and he met his burden of preserving the issue because he obtained a ruling from the circuit court. Inexplicably, that motion disappeared from the case file between the time when the circuit court ruled on the motion and when the circuit court prepared the record for this appeal.

The proper disposition of this case hinges on the content of this motion. If it, as the majority notes, sounds within a recognized exception to the prohibition of motions for rehearing under Rule 37.2(d), then it extends the time for filing Mr. Manuel's notice of appeal. This court will thus acquire jurisdiction, and we would be obligated to decide Mr. Manuel's appeal on the merits. If the posttrial motion does not fit within a recognized exception, then the time for filing Mr. Manuel's notice of appeal would not have been extended, and the late filing of his notice of appeal would have denied this court jurisdiction.

Accordingly, in my view, this case should be remanded to settle the record. I decline to speculate as to how Mr. Manuel will ultimately fare when this court has all the necessary information before it. I therefore respectfully dissent.

*Terrance Manuel*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.