Cite as 2021 Ark. App. 349

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR-20-742

| | |
|---|---|
| MATTHEW A. HARVEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 22, 2021<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. 58CR-19-655]<br><br>HONORABLE BILL PEARSON, JUDGE<br><br>APPEAL DISMISSED |

## STEPHANIE POTTER BARRETT, Judge

On January 27, 2020, Matthew Harvey entered negotiated pleas of guilty before the Pope County Circuit Court to the offenses of residential burglary, a Class B felony, and first-degree criminal mischief, a Class D felony.[1] An order was entered on January 28 sentencing Harvey as a habitual offender to fifteen years' imprisonment for the residential-burglary offense, to be followed by an additional ten-year suspended imposition of sentence, and fifteen years' imprisonment for the criminal-mischief offense. The sentences were ordered to be served concurrently. On February 10, an amended sentencing order was filed to correctly note that the presumptive sentencing range for the residential-burglary conviction was "180 to 480 months" and to indicate that Harvey was sentenced as a habitual offender only for the residential-burglary conviction.

---

[1]A third charge of misdemeanor theft of property was dismissed in exchange for Harvey's guilty pleas to the other two charges.

On May 7, Harvey filed a petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure seeking postconviction relief. He alleged his counsel told him that he would only have to serve approximately three years of his sentence; he was informed by the Arkansas Department of Correction that he was not eligible for parole and would have to serve the entire fifteen-year sentence; and he would not have taken the plea agreement had he known he would not be eligible for parole.

On May 11, 2020, the circuit court entered an order denying and dismissing Harvey's Rule 37 petition on the basis that it was without jurisdiction to hear the matter because more than ninety days had passed since entry of the judgment. On May 18, Harvey moved to set aside the circuit court's order denying his Rule 37 petition, arguing that the petition was timely because it was filed within ninety days from entry of the amended sentencing order filed on February 10. On September 24, the circuit court entered an order denying Harvey's petition to set aside the denial of his Rule 37 petition. Harvey filed his notice of appeal on October 26, 2020. We dismiss Harvey's appeal because we lack jurisdiction to entertain it.

Harvey's notice of appeal to this court was not timely filed. A person seeking to appeal an order denying postconviction relief must file a notice of appeal within thirty days of the date of the order denying relief. Ark. R. App. P.–Crim. 2(a)(4) (2020). The circuit court entered an order on May 11, 2020, denying and dismissing Harvey's Rule 37 petition. Harvey moved to set aside the order of dismissal on May 18. But in accordance with Rule 37.2(d), a decision of the circuit court in a postconviction petition is final, and no petition for rehearing shall be considered except in the case of the narrow exception of a request to

2

rule on an omitted issue, which is not present in this case. Except for the omitted–issue request, a motion for rehearing or reconsideration does not toll the time within which to file a notice of appeal. *Manuel v. State*, 2021 Ark. 24. Harvey did not file his notice of appeal from the denial and dismissal of his Rule 37 petition until October 26, 2020, well after the time period for filing a notice of appeal had expired. Because we do not have a timely notice of appeal from the dismissal of Harvey's Rule 37 petition, we do not have jurisdiction; therefore, the appeal must be dismissed.

Appeal dismissed.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Matthew A. Harvey*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.